EDGAR R. ALDRICH v. ALIDA ANNIN AND BYRON W. FORBES, ADMINISTRATOR.

*Claims against decedents not enforcible in equity.*

1. Claims against the estate of a deceased person can only be enforced by statutory proceedings in the probate court ; and in such proceedings all concerned are bound by the proper publication of notice.

2. A creditor of a decedent can take out letters of administration upon his estate if others do not do so.

Appeal from Washtenaw. (Joslyn, J.) June 12.—June 18.

ACCOUNTING, ETC.    Defendants appeal.    Reversed.

*Frank Jones* and *Chas. R. Whitman* for complainant.

*Sawyer & Knowlton* for defendants.    Unadjudicated claims against an estate cannot be adjudged in chancery and converted into demands payable out of the assets of the estate ; they must be adjusted and allowed either by commissioners or judge of probate or on appeal, and until the estate is charged with them there is no basis for a bill against a decedent's fraudulent conveyances in order to recover moneys to pay them : *O'Connor v. Boylan* 49 Mich. 209–213 ; *Bank v. White* 6 N. Y. 236–252 ; *Beck v. Burdett* 1 Paige 305 ; *Reade v. Livingston* 3 Johns. Ch. 481 ; *McElwain v. Yardley* 9 Wend. 548–559–66 ; *Clarkson v. DePeyster* 3 Paige 321–2 ; *Brinkerhoff v. Brown* 4 Johns. Ch. 671–6–7–8; *Rhodes v. Cousins* 6 Rand. 188 ; *West v. M'Carty* 4 Blackf. 244 ; *Smith v. Thompson* Walk. Ch. 1 ; *Rynearson v. Turner* 52 Mich. 7 ; *Duberry v. Clifton* Cooke 328 ; *Williams v. Brown* 4 Johns. Ch. 682 ; *West v. M'Carty* 4 Blackf. 244.

COOLEY, C. J.    Complainant is owner of a note given by James E. Annin, June 2, 1873, and due in one year from date.    Annin died August 14, 1876, leaving his wife, the defendant Alida, surviving him.    No administration has ever been had upon his estate, and it is said he left no property except the note hereinafter mentioned.    In 1874 James E. Annin conveyed his real estate to Thomas Shekel, an uncle,

and in 1875 Shekel gave a note payable to Annin, or in case of his death to his wife, for a sum then remaining unpaid of the purchase money. Shekel died in 1881 and Alida Annin presented the note as a claim against his estate, and it was duly allowed in her favor.

The present suit is a suit in equity to reach this allowance and have it applied in satisfaction of complainant's note. Complainant claims that the allowance in favor of Mrs. Annin is assets of her husband's estate, and therefore in equity a fund for the satisfaction of complainant's note, and in his bill he prayed that it be applied to that object so far as necessary. The bill was filed in March, 1881. The defendants demurred but the demurrer was overruled, and the case was afterwards heard upon pleadings and proofs.

The circuit court entered a decree in accordance with the prayer of the bill, and the defendants appeal.

We do not see how this decree can be sustained. Creditors of a deceased person are to enforce their claims against his estate through proceedings in the probate court, and the statute makes ample provision for the purpose. If other parties interested fail to take out letters of administration the creditor himself may do so, and such proceedings will then be taken as will adjust all equities on the principle of relative equality. If the creditors might severally go into equity for the enforcement of their demands, the purpose of the Statute of Distributions would be defeated, and estates might be eaten up in litigation. It may be that in this case complainant is the only creditor, and the allowance which it is sought to reach the only asset; but the way to ascertain who are interested and what the assets are, is to take the statutory proceedings. Of those proceedings all concerned, when the proper publication is had, must take notice; but nobody is a party or bound to take notice of this suit except the parties named in it, and nobody else would be concluded by the decree. It might happen, therefore, notwithstanding the decree in this suit, that other claimants would appear, with a right to share in the assets equal to that of the complainant.

But the statute intends that in a single proceeding all these matters shall be adjusted.

The decree must be reversed and the bill dismissed.

The other Justices concurred.