## F. RYHINER ET AL.
### v.
## ADOLPH RUEGGER.

1. ATTACHMENT—FRAUDULENT ASSIGNMENT.—A creditor sued out an attachment against a firm upon the ground that they were about to fraudulently assign, convey or otherwise dispose of their property, or a part thereof, so as to hinder and delay their creditors, and that they had within the two years last past done so. The attachment was issued and levied upon the firm's property. Upon the trial of the attachment suit it appeared that four days after the attachment was sued out the firm made an assignment for the benefit of creditors containing provisions reserving benefits to the individual members of the firm and authorizing the assignees to sell upon credit. These provisions were afterward, by consent of the assignees, the creditor above mentioned being one of them, eliminated from the assignment. *Held*, that the making of such assignment was a sufficient basis to support the attachment suit.

2. SAME—ESTOPPEL.—The attaching creditor was named in the assignment as one of the assignees, and his acceptance of the trust and consent to the alteration of the deed of assignment by which the two objectionable features above mentioned were eliminated, operated to dissolve his attachment and leave him to take his chances with the other creditors.

ERROR to the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed July 10, 1886.

The plaintiff in error, being indebted to defendants in error, sued out an attachment upon the ground that they were about to fraudulently assign, convey, or otherwise dispose of their property, or a part thereof, so as to hinder and delay their creditors, and further that they had within the two years last past done so.

The attachment was issued and levied upon property of the firm. The defendants appeared and filed their plea traversing the affidavit, upon which issue was joined and submitted to the court for trial. It appeared upon the trial that about four days after the attachment was sued out these defendants made an assignment for the benefit of creditors containing provisions reserving benefits to the individual members of the

firm, and authorizing the assignees to sell upon credit. These provisions were afterward, by consent of the assignees, the appellee being one of them, eliminated from the assignment, in so far as any preference was therein given to any member of the firm in the payment of his claim, and also as to the sell·ing upon credit. The attachment was sustained by the circuit court, a judgment entered for the plaintiff, and the defendants appealed.

Messrs. KROME & HADLEY and Mr. W. C. KUEFFNER, for plaintiffs in error ; as to what kind of fraud is contemplated by the 8th clause of the Attachment Act, cited Shove v. Farwell, 9 Bradwell, 256 ; Spencer v. Deagle, 34 Mo. 455 ; Warner v. Everett, 7 B. Monroe, 262; Laflin v. Cent. Pub. H., 52 Ill. 432 ; Schwabacker v. Rush, 81 Ill. 310 ; Ewing v. Runk'e, 20 Ill. 461.

By filing his claim, appellee assented to the assignment and is estopped : Jones v. Tilton, 1 North Eastern Reporter, 741 ; Burrill on Assignments, § 503 ; Adlum v. Yard, 1 Rawle, 163; Burrow v. Alter; 7 Mo. 424 ; Lanahan v. Latrobe, 7 Md. 268 ; Scott v. Ede, 3 Minn. 377; Gutswiller v. Lackman, 23 Mo. 168.

The deed of assignment is not fraudulent in law so as to hinder or delay creditors: Schwabacker v. Rush, 81 Ill. 311 ; Wait on Fraudulent Conveyances, § 13, p. 23 ; Williams v. Davis, 69 Pa. 28 ; Rice v. Perry, 61 Me. 150 ; Blum v. Abel; 27 Pa. 390; Bump on Fraudulent Conveyances, 66.

A mere intention to make an assignment for the benefit of creditors is no ground for attachment : Sweet v. Reed, 13 R. I. 119 ; Campbell v. Warner, 22 Kan. 608.; Wilson v. Britton, 6 Abb. Pr. 47 ; Fitzpatrick v. Flanagan, 106 U. S. 650 ; Harris v. Capell, 28 Kan. 117.

Mr. JOHN G. IRWIN, for defendant in error ; that the evi-, dence estab'ishes actual intentional fraud, cited Howell v. Edgar, 3 Scam. 418 ; Finlay v. Dickerson, 29 Ill. 9; Keith v. Fink, 47 Ill. 272 ; McCrosky v. Leach, 63 Ill. 63 ; Emmerson v. Bemis, 69 Ill. 537 ; Power v. Allston, 93 Ill. 587; Phelps

v. Curts, 80 Ill. 113; Moore v. Wood, 100 Ill. 455; Bump on Fraudulent Conveyances, 364; Burrill on Assignments, 338.

The debt not being extinguished by accepting the benefits of the assignment all appropriate remedies for its enforcement belong to it as incidents: Vansant v. Allmen, 23 Ill. 30; Erickson v. Rafferty, 79 Ill. 209; Edgington v. Hefner, 81 Ill. 341; Palmer v. Harris, 100 Ill. 277; Greathouse v. Smith, 3 Scam. 541; Young v. Cooper, 59 Ill. 121.

The assignment was fraudulent: Bowen v. Parkhurst, 24 Ill. 257; Pierce v. Brewster, 32 Ill. 268; Whipple v. Post, 33 Ill. 334; Nat. Bk. v. Bank of Com., 94 Ill. 280; Sumner v. Hicks, 2 Black (U. S.) 532; Keith v. Fink, 47 Ill. 272; Hardin v. Osborne, 60 Ill. 93; Burrill on Assignments, §§ 198 –200.

PILLSBURY, P. J.   The first question presented is whether the court was justified in finding that the execution of the assignment offered in evidence supported the averments of the affidavit that the defendants were about to fraudulently assign or otherwise dispose of their property so as to hinder and delay their creditors. It is substantially admitted that the assignment as originally made was fraudulent upon its face, as it contained provisions preferring members of the firm in payment of their claims against the assignors, and conferred upon the assignees the power to sell upon credit; but it is argued that as the evidence tends to show that the assignors had no intention in fact to commit a wrong upon their creditors, and that as our statute relating to assignments for the benefit of creditors makes all such provisions void, the assignment is therefore valid in law and must stand as against attaching or other creditors.

What effect should be given to the assignment as against creditors levying their attachments after the county court acquired jurisdiction over it, and the property conveyed by it, we shall not stop to inquire, as the question is not made by this record, the writ herein having been issued and levied prior to the execution of the assignment. The jurisdiction of the circuit court then attached prior to any act of the de-

fendants, and they could not thereafter, without the consent of the appellee, deprive him of any rights he may have by and under his levy to have such court inquire into, determine and enforce any such rights. Neither are we called upon in this proceeding to determine whether the assignment should be set aside as to creditors generally, the simple inquiry being upon this branch of the case whether the appellants at the time of suing out the writ were amenable to the provisions of the act relating to attachments. The fraudulent convey ance, assignment, or other disposition of property referred to in the Attachment Act and which is sufficient ground for a creditor to seize his debtor's property upon *mesne* process and hold it to answer any final judgment in the cause, evidently refers to those prohibited by the fourth section of our Statute of Frauds and Perjuries, as being made with the intent to hinder and delay creditors. The uniform construction of this section of the last mentioned statute has been that before such sale or conveyance can be set aside at the suit of a creditor, it must appear that both parties to it were actuated by like intent to defraud, delay, or hinder the creditors of the vendor.

The Attachment Act, however, does not require the plaintiff to establish the fraudulent intent of the vendee. It deals with the debtor alone. If his fraudulent intent appears the attachment is sustained. This intent must appear in some way as a fact in the case. In other words, the hinderance or delay of creditors must be shown to form the whole or a part of the debtor's intent in doing the act complained of. The intention of the debtor is the material inquiry in the case. Fraud is said to be a question of fact in some cases and in others a question of law. This distinction rests upon the means employed to establish the fact rather than in the character of the intent charged to be fraudulent or the consequences flowing from it. Where the transaction is fair upon its face, and the evidence of its fraudulent inception consists of the facts and circumstances surrounding it, the law will not infer fraud, but the case must be sent to a jury to determine the intent which actuated the party in entering into it, and the intent to hinder or delay creditors being found, the law declares the transaction fraudulent and void as to them.

As, however, every man is presumed to understand the legal import of any instrument executed by him, and to intend the necessary consequences of his own acts, when he makes a conveyance or assignment which upon its face shows that the necessary consequence of carrying into effect its provisions, will be the hinderance and delay of creditors in the collection of their just demands, the law stamps it as fraudulent and imputes to the maker the design to effect the results provided for, and no evidence of a contrary intention can change this presumption.

Here actual fraudulent intent is as clearly manifest and conclusively established as though found by the verdict of a jury.

In the case at bar the assignment confessedly contained provisions which, if executed, would necessarily have the effect to hinder and delay creditors, and the presumption conclusively arises that the defendants, when they executed it, intended it to have that effect, and from the other evidence in the case the court below was justified in finding that when the writ herein was issued they had in contemplation the execution of it. That the making of such an assignment is a sufficient basis to support an attachment see Keith v. Fink, 47 Ill. 272. We would not be understood as saying that every transaction between parties which the law condemns as a fraud upon creditors would be sufficient to support an attachment. Cases might be supposed where the parties are actuated by the purest motives, yet through mere inadvertence or by mistake some of the formalities of the law have not been complied with and creditors can therefore avoid the transaction, but in such cases there would be lacking the element of a fraudulent intent in entering into it necessary to maintain an attachment. We can not assent to the view advanced by counsel that our statute relating to assignments for the benefit of creditors so far purges the assignment in question of its fraudulent character as to make the intent of the defendants therein clearly manifested to hinder and delay their creditors, of no avail to the plaintiff below upon the issue being tried.

The thirteenth section of the statute relied upon only goes to the extent of making every provision in an assignment

void that provides for the payment of one debt or liability in preference to another, and making all debts and liabilities within the provisions of the assignment payable *pro rata* out of the assets.

This provision of the statute preventing preferences and equalizing the payment of all debts and liabilities within the provisions of the assignment, was not intended to legalize the reservation of benefits to the assignor, or the payment of any debts to the individual members of an assigning firm before other creditors are paid in full.

The appellee was named in the assignment as one of the assignees and accepted the trust and entered upon the discharge of his duties. Soon afterward it was thought advisable to eliminate from the assignment the illegal provisions therein contained and an effort so to do was made, the assignors executing a supplemental instrument attempting to withdraw them from the original assignment and requiring its provisions to be executed under the statute and requesting the assignees to execute the trust thereunder.

The assignees, the plaintiff with them, signed a written consent that such change should be made and agreed to execute the trust thus modified by said supplementary instrument.

It will be borne in mind that a deed which is fraudulent under the statute is not absolutely void but only voidable at the suit of those injured, and is therefore capable of being affirmed by those affected by it. And such deed is binding upon those who assent to it.

A creditor who is appointed an assignee and accepts the trust most clearly assents to its provisions and undertakes to carry them out in good faith so far as they can be executed under the law.

His duties are to take possession of the property assigned, convert it into money and to distribute the proceeds among the creditors entitled. So long as this trust remains unexecuted he has no right to appropriate the property assigned to any other purpose than for the benefit of creditors. He can not accept a position where the utmost good faith is required of him to carry into effect an assignment for the benefit

of creditors generally, and then be permitted to set up the fraudulent character of the deed under which he is acting in order that his own claim against the assignor shall be paid in full to the injury of his *cestuis que trust.*

The law will not allow him to take such inconsistent positions. He can not be permitted to uphold the assignment with one hand and to tear it down with the other. The other property attached was conveyed to him as one of the assignees by the deed of assignment, and he assented to so receive it, and undertook to distribute its proceeds among the creditors of the assignor; not only this, but afterward, in writing, consented that the provisions which he now claims rendered the deed fraudulent, should be eliminated, and again agreeing to execute the trust as thus modified. Such conduct most clearly estops him from relying upon the fraudulent character of the assignment to support his attachment.

If fraudulent as to other creditors who have not assented to its provisions, it is certainly valid as to him. In our opinion his acceptance of the trust and consent to the alteration of the deed of assignment operated to dissolve his attachment and leave him to take his chances with the other creditors. For this reason we conclude that the court below should not have sustained the attachment proceedings, and the judgment will therefore be reversed and the cause remanded.

Judgment reversed.