GEORGE S. MERRILL *vs.* COMMONWEALTH MUTUAL FIRE INSURANCE COMPANY.

WILLIAM B. STEVENS, receiver, *vs.* SHENANGO GLASS COMPANY.

Suffolk.    March 25, 26, 1896. — May 23, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Attachment of Property of Corporation under an Injunction prior to Appointment of Receiver.*

After the institution of proceedings in equity, under St. 1894, c. 522, § 7, for winding up the affairs of an insurance corporation which has been enjoined from the further prosecution of its business, except the collection of money due to it, the cancellation of policies, and the levy of assessments upon its members, an attachment of the property of the corporation by a creditor is void, though made prior to the appointment of a receiver, and the creditor will be restrained from proceeding to enforce the attachment.

PETITION IN EQUITY, filed October 4, 1895, by the receiver of the Commonwealth Mutual Fire Insurance Company, to restrain the Shenango Glass Company from enforcing an attachment of the property of the insurance company.

At the hearing, before *Barker, J.,* the case, at the request of the respondent, was reserved for the consideration of the full court.   The material facts appear in the opinion.

*R. F. Herrick & G. Cunningham,* for the Shenango Glass Company.

*W. B. Stevens,* for the petitioner.

FIELD, C. J.   The Insurance Commissioner of the Commonwealth, acting under St. 1894, c. 522, § 7, on March 19, 1895, filed a bill in equity in this court, against the Commonwealth Mutual Fire Insurance Company, a corporation organized under the laws of the Commonwealth, and the corporation on the same day was enjoined from further proceeding with business; and on

the 26th of the same month the injunction was modified so as to permit the corporation to collect and receive moneys owing to it, to cancel its policies without the payment of the return premiums, and to make and collect an assessment upon its members. While the corporation was under this injunction as thus modified, the Shenango Glass Company, a non-resident creditor of the corporation, on April 4, 1895, brought a suit against the corporation in the Superior Court of the Commonwealth, and attached the property and credits of the corporation in the hands of certain alleged trustees. On May 28, 1895, a decree was entered in the suit in this court, vacating the modifications made in the original injunction, and appointing, in pursuance of the statute, a receiver to "take possession of the property and effects of the company, and to settle its affairs, subject to such rules and orders as the court may from time to time prescribe, according to the course of proceedings in equity." The receiver, on October 4, 1895, brought the present petition against the Shenango Glass Company, for the purpose of compelling that company to dissolve its attachment, or of restraining the company from further proceeding under the attachment.

The rule adopted in this Commonwealth in somewhat similar cases is, that attachments made before the commencement of the proceedings in equity are not dissolved by the appointment of a receiver to settle up the affairs of the corporation, but that attachments made after the commencement of such proceedings cannot be enforced. The rights of all parties to share in the property of the corporation are fixed as of the date of the filing of the bill in equity. In proceedings in insolvency there are statutory provisions for dissolving attachments made at any time within four months before the commencement of the proceedings, but there are no similar provisions applicable to proceedings in equity under statutes for settling up the affairs of insolvent corporations. *Atlas Bank* v. *Nahant Bank,* 23 Pick. 480. *Hubbard* v. *Hamilton Bank,* 7 Met. 340. *Columbian Book Co.* v. *De Golyer,* 115 Mass. 67. *Fogy* v. *United Order of the Golden Lion,* 159 Mass. 9, 12. *Garham* v. *Mutual Aid Society,* 161 Mass. 357, 365. *Kittredge* v. *Osgood,* 161 Mass. 384.

An attempt has been made to distinguish the present case from the decisions above cited, on the ground that at the time

the attachment was made no receiver had been appointed, and the injunction then in force only prohibited the corporation from further proceeding with business, and gave it leave to collect moneys, cancel policies, and levy assessments upon its members, and that it was consistent with the condition of the proceedings at that time that the company might from the assessments obtain money enough to enable it to resume business, and that if this happened the injunction might be dissolved, the bill dismissed, and the corporation permitted to continue in business in the same manner as before the bill was filed. This was certainly possible. But the original bill prayed that the corporation might be enjoined from further proceeding with business, and that receivers might be appointed to take possession and control of the property and effects of the corporation, subject to the order of the court, and it was brought under provisions of statute which contemplated that it might be necessary to settle up the affairs of the corporation through receivers appointed by the court. The subsequent appointment of a receiver to take possession of all the property of the corporation, to collect the debts due to it, and to pay the debts which it owed ratably to such creditors as should prove their claims under the direction of the court, was within the contemplation of the bill as originally filed. The fact that it was possible that the corporation might relieve itself of its embarrassments by assessments, or in some other manner, and so render the prosecution of the suit unnecessary, did not change the character of the proceedings, if they were prosecuted for the purpose of winding up the affairs of the corporation.

We have no occasion now to consider what the rule should be in cases where receivers are appointed under the general equity powers of courts of equity for various purposes incidental to suits within their jurisdiction. On the facts of the present case, we cannot take it out of the general rule which has been adopted here, that, after proceedings in equity authorized by statute for the winding up of the affairs of a corporation have been begun, creditors cannot be permitted to obtain advantages and preferences by the attachment of the property of the corporation, and that the rights of the receiver to the possession of the property within the jurisdiction of the court for the purposes of distribution

relate back to the commencement of the proceedings. The Shenango Glass Company must be enjoined from proceeding to enforce the attachment, and the attachment must be declared void.                                                        *So ordered.*