MARY J. WILLIAMS & others *vs.* UNITED RESERVE FUND
ASSOCIATES.
IN RE PETITION OF LUCY BATTLES & others.

Middlesex.   May 22, 1896. — June 16, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Endowment Order — Right of Certificate Holders to Preference in Payment —*
*Distribution of Fund by Receiver.*

The holders of benefit certificates issued by an endowment order, which had not
matured at the date of the filing of a bill in equity under which a receiver of
the corporation was appointed, are not entitled to have their certificates after
maturity paid in full out of the endowment fund before other payments are
made from it, and in preference to any payments upon unmatured certificates.

In the distribution of the funds of an endowment order in the hands of a receiver,
each holder of a benefit certificate issued by the order is entitled to a dividend
only in proportion to the amount paid in by him to the particular fund.

PETITION to the Superior Court, filed January 18, 1896, by
the holders of certificates issued by the respondent corpora-
tion, an endowment order organized under St. 1888, c. 429, of
which a receiver had been appointed, for an order for payment
of the same.   The petition was denied; and the petitioners
appealed to this court.   The facts sufficiently appear in the
opinion.

*C. P. Gorely,* for the petitioners.

*J. C. Burke & W. S. Marshall, (J. F. Corbett* with them,) for
the respondents.

HOLMES, J.   This is a petition by holders of matured benefit
certificates to have their certificates paid in full out of the
endowment fund before any other payments are made from it,
and especially in preference to any payments upon certificates
not yet matured.   Perhaps it would be enough to say that the
petitioners' certificates had not matured at the filing of the bill,
and that the rights of the parties were fixed at that date.   *Fogg*
v. *United Order of the Golden Lion,* 159 Mass. 9, 12.   *American*
*Loan & Trust Co.* v. *Northwestern Guaranty Loan Co., ante,* 337.
*Merrill* v. *Commonwealth Ins. Co., ante,* 238.   But we may add
that the petitioners' argument is based on a fallacy.   If, as no

doubt is true, the endowment fund is a trust fund for payment of the petitioners, it is so equally for all holders of benefit certificates. It is true that the promise to pay from the endowment fund at a certain date contained in the certificate may be changed to a promise to pay from the death fund if the holder dies before the certificate matures, but until that event happens the holder by his contract has an interest in the former fund. The fact that the performance of a promise may be excused by something less than the dissolution of society does not prevent it from giving a vested interest.

The rule of distribution in winding up a company of this sort necessarily is different from the order of payments made by it while a going concern. The dividend to each holder of a certificate will be in proportion to the amount paid in by him to the fund. *Fogg* v. *United Order of the Golden Lion*, 159 Mass. 9, 12.                                        *Petition dismissed.*