GEORGE S. MERRILL *vs.* COMMONWEALTH MUTUAL FIRE INSURANCE COMPANY. WILLIAM B. STEVENS, receiver, petitioner.

Suffolk.   March 23, 1898. — May 18, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Mutual Fire Insurance Company — Insolvency — Receiver — Time at which Rights are fixed.*

The rights of all parties to share in the assets of an insolvent mutual fire insurance company are fixed as of the date of the filing of the bill in equity enjoining it from further proceeding with its business.

PETITION IN EQUITY, filed December 15, 1897, by the receiver of the Commonwealth Mutual Fire Insurance Company, for instructions as to the allowance and payment of certain claims.

The petition alleged that on March 19, 1895, an injunction was issued enjoining the company from proceeding with its business till further order of the court; that on March 26 the injunction was modified so that the corporation and its officers

might collect all moneys, cancel its policies without payment of return premiums, and make upon its members and collect from them an assessment as provided by law; that on May 28, 1895, the petitioner was appointed receiver, and the injunction was modified so that the corporation and its officers should have no further authority to collect moneys, cancel its policies without payment of return premiums, and make upon its members and collect from them an assessment as provided by law, and the injunction, so far modified, was made absolute and perpetual; that subsequently to said March 19 certain losses by fire occurred on property insured on policies theretofore issued by the company, proofs of which had been filed but had not been allowed, among the parties being Washington G. Benedict, and Finlay and Macaulay; that an assessment was laid by the officers of the company before the injunction was issued, and notice thereof was sent by mail to the policy holders liable to the assessment, demanding payment thereof, and notifying them that, unless the assessment was paid within fifteen days after notice, all liability of the company for loss would cease, such a vote having been passed by the directors of the company on January 28, 1895, and that among those so notified were Finlay and Macaulay, who failed to pay the assessment within fifteen days after notice thereof, and have never paid it.

At the hearing before *Holmes*, J., appeared Benedict, Finlay and Macaulay, and the National Wall Paper Company, represented by counsel, and claimed the right to be allowed to prove their claims and to share in the assets of the defendant corporation under some appropriate order of the court. Benedict and Finlay and Macaulay had previously appeared before the auditor to whom was referred the question of the amount of the proposed assessment, and had prayed that their claims might be included therein. In accordance with the recommendation of the auditor, an assessment of $250,000 was afterwards levied under an order of this court dated March 5, 1896, in respect of losses existing before the petition was filed. The funds in the receiver's hands were raised by this assessment. The parties mentioned in the petition paid their shares of the assessment, except as therein set forth. The judge ruled that no losses incurred after the filing of the bill were entitled to share in the

dividend, and ordered a decree to that effect upon the petition. The parties represented by counsel excepted, and, at their request, the judge reported the case for the consideration of the full court, such decree to be entered as equity might require.

*W. B. Stevens,* receiver, *pro se.*

*P. A. Collins & A. M. Lyman,* for certain claimants.

ALLEN, J.   The question presented by the claimants can hardly be considered as open in this Commonwealth.   The bill was filed March 19, 1895, and on the same day an injunction was issued, which was made perpetual, May 28, 1895, and a receiver was then appointed.   The bill was filed by the insurance commissioner, acting under St. 1894, c. 522, § 7.   It has been held heretofore, in *Stevens* v. *Shenango Glass Co.* 166 Mass. 238, that a creditor should be enjoined from enforcing an attachment made against this company after the filing of the bill, the reasons assigned being that " the rights of all parties to share in the property of the corporation are fixed as of the date of the filing of the bill in equity," and that the rights of the receiver to the possession of the property " for the purposes of distribution relate back to the commencement of the proceedings."   It is sought to distinguish the present case from that, on the ground that there the creditor sought to gain a preference to himself by the attachments, while here the claimants only seek to be allowed to share with the creditors generally.   It has, however, been held heretofore that the rights of creditors are fixed as of the date of the proceedings, or, as was said in *Atlas Bank* v. *Nahant Bank,* 23 Pick. 480, 489, at least by the issuing of an injunction.   *Burdon* v. *Massachusetts Safety Fund Association,* 147 Mass. 360, 368.   *Fogg* v. *United Order of the Golden Lion,* 159 Mass. 9, 12.   *Garham* v. *Mutual Aid Society,* 161 Mass. 357, 365, 367.   *Williams* v. *United Reserve Fund Association,* 166 Mass. 450.   The case of *Jones* v. *Arena Publishing Co., ante,* 22, rests on special grounds.   This rule must be considered as established in this Commonwealth.

*Decree affirmed.*