ATTORNEY GENERAL *vs.* MASSACHUSETTS BENEFIT LIFE
ASSOCIATION.

IN RE PETITION OF ARTHUR LORD & another, receivers.

Suffolk. March 25, 1898. — May 19, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Assessment Insurance Company — Receiver — Time at which Rights are fixed —
Emergency Fund — Accrued Claims.*

The date when claims against the Massachusetts Benefit Life Association must
have accrued, in order to be entitled to priority of payment, is the date of the
filing of the bill in equity by the Attorney General for the winding up of its
affairs.

Cases where death occurred before the date of the filing of the bill in equity by
the Attorney General against the Massachusetts Benefit Life Association for
the winding up of its affairs, though not allowed or presented to the company
before that time, are to be deemed accrued claims within the meaning of St.
1890, c. 421, § 14, which provides that any unexhausted portion of the emer-
gency fund shall be used, "first, in the payment of accrued claims upon certifi-
cates or policies, or if insufficient to pay such claims in full, they shall be paid
*pro rata;* second, if a balance remain, in the payment of like claims thereafter
accruing in the order of their occurrence."

PETITION, filed November 23, 1897, by the receivers of the
Massachusetts Benefit Life Association, to obtain the instruc-
tions of this court as to the meaning of "accrued claims" in
§ 14 of St. 1890, c. 421, entitled "An Act relating to assess-
ment insurance." A decree was entered that accrued claims
"as applied to death claims, embrace and are confined to those
claims where the death happened before the filing of the bill in
this cause, to wit, August 17, 1897"; and an appeal was taken
to the full court. The facts appear in the opinion.

*J. H. Young,* for an intervening petitioner.

*A. G. Weeks,* for another intervening petitioner, submitted the
case on a brief.

*H. V. Cunningham,* for certain claimants.

*F. W. Peabody,* for other claimants.

ALLEN, J. The question in this case arises under St. 1890,
c. 421, § 14, which directs the accumulation of an emergency
fund, and provides that when an assessment insurance company

shall discontinue business a receiver may be appointed to administer any unexhausted portion of the fund, which shall be used, "first, in the payment of accrued claims upon certificates or policies, or if insufficient to pay such claims in full, they shall be paid *pro rata;* second, if a balance remain, in the payment of like claims thereafter accruing in the order of their occurrence." It is rightly assumed that the date when the claims must have accrued, in order to be entitled to priority of payment, is the date of the filing of the bill in equity by the Attorney General for the winding up of its affairs; *Merrill* v. *Commonwealth Ins. Co., ante,* 81; but the question which is presented is as to the meaning of the word "accrued." It is contended by the appellant that this means claims which were then due and payable, and that it does not include cases where death had occurred before that date, but claims arising thereon had not been allowed by the company or brought to its attention.

An examination of other sections of the statute leads us to the conclusion that claims of the latter description were intended by the Legislature to be included under the term "accrued." Section 1 declares that "if the benefit is to accrue through the death of the insured person, the contract shall be of life insurance." Section 10 provides that "every policy or certificate . . . shall specify the sum of money which it promises to pay upon the contingency insured against, . . . and the number of days after satisfactory proof of the happening of such contingency at which such payment shall be made; and upon the occurrence of such contingency, unless the contract shall have been voided by fraud or for want of validity, the corporation shall be obligated to the beneficiary for such payment at the time and to the amount specified in the policy or certificate; and this indebtedness shall be a lien," etc. Section 11 provides that if it shall appear to the insurance commissioner that such a company cannot within a reasonable time, not more than three months from the date of the original default, pay its accrued indebtedness in full, he shall report the facts to the Attorney General, who shall apply to the court for an order closing the business of the corporation, and appointing a receiver for the distribution of its assets among creditors. Coming now to the phrase "accrued claims," as used in § 14, it is pretty clear

that it means claims which have accrued through the death of the persons insured. A distinction is recognized between the obligation to pay and the time at which the payment is to be made. There is nothing in § 11 to lead to a different construction. The phrase "accrued indebtedness," as there used, looks to the future, and may mean all the indebtedness which may have accrued at the time of the payment; but it does not of itself show that such indebtedness must have been allowed by the company, or proved in a formal way.

Some confirmation of the view which we have taken is to be found in other cases. *American Loan & Trust Co.* v. *Northwestern Guaranty Loan Co.* 166 Mass. 337, 343, 344. *Williams* v. *United Reserve Fund Associates,* 166 Mass. 450. *Union Mutual Association* v. *Montgomery,* 70 Mich. 587, 595.

The question whether claims for disability arising from sickness can be allowed by the receivers is not now considered.

*Decree affirmed.*