## LAFFERTY *v.* LAFFERTY.

ATTACHMENT—LEVY—ABANDONMENT—WHAT CONSTITUTES.

Pending a suit at law, in which defendant's land was attached, defendant died, and the suit was revived against his administrator. Judgment was entered for plaintiff. An execution was issued, and levy made on the land. Subsequently the property was released from the levy, the execution returned unsatisfied, and plaintiff proved his claim in the probate court against defendant's estate as an absolute claim, without anything to indicate an intention to retain his lien. Over a year afterwards, the estate proving insolvent, the probate court certified the judgment back to the circuit, and plaintiff filed a bill in aid of execution to reach the land originally attached. *Held*, that the release of the levy amounted to an abandonment of the attachment levy placing plaintiff in the list of general creditors.

Appeal from Wayne; Hosmer, J.   Submitted January 19, 1905.   (Docket No. 75.)   Decided February 27, 1905.

Bill in aid of execution by Edward Lafferty against Sophia Lafferty and others.   From a decree dismissing the bill, complainant appeals.   Affirmed.

The bill in this case was filed in aid of an execution. Complainant brought suit at law against one Peter Lafferty, and attached the land described in the bill.   Peter Lafferty died while suit was pending.   An administrator was appointed, and the suit revived against him.   On May 14, 1902, judgment was entered for the plaintiff, the complainant here.   On July 11, 1902, an execution was issued, and levy made upon this land.

On September 12th the writ was returned with the following indorsed thereon by the sheriff:

"At direction of plaintiff's attorney, I have this day released the property levied upon July 11th, A. D. 1902,

under the within execution and hereby return the same unsatisfied."

On the same day the judgment obtained by the complainant was duly certified to the probate court. The estate of Mr. Lafferty was insolvent, and on July 6, 1903, the probate court certified said judgment back to the circuit court, certifying that the estate was closed, the final account allowed; that the estate was insolvent; and that no part of complainant's judgment had been paid. On July 13, 1903, upon filing the above certificate of the probate court, the circuit court entered an order that the complainant (the plaintiff there) have execution of said judgment. A second writ of execution was issued, and a second levy made, after which this bill was filed. Mr. Peter Lafferty and his wife, defendant Sophia, had conveyed these lands to their sons, Richard and Grant, which deed, it is claimed, is void as to creditors. The case was heard upon pleadings and proofs, and the bill dismissed, for the reason that, in the opinion of the court below, the return by the sheriff, the release of the execution levy, and the proving of the judgment in the probate court, released the attachment.

*Dwight C. Rexford,* for complainant.

*John E. Moloney,* for defendants.

GRANT, J. (*after stating the facts*). If the reason given by the court below for its decision is sound, there is no occasion to discuss the other questions raised by the record. Complainant contends that the abandonment is largely a question of intent; that complainant's attorney in the suit at law testified, that, in ordering the execution returned and the levy discharged, he did not intend to release the lien of the attachment. Secret intent will not control where the acts clearly show the opposite intent. The plaintiff in the attachment suit evidently proceeded under 3 Comp. Laws, § 9425, which gave the power to

the plaintiff to proceed to judgment after the death of the defendant by reviving the suit against the administrator. *Smith* v. *Jones*, 15 Mich. 281.

After taking judgment, three courses were open to him:

1. He could levy and sell, then prove the deficiency realized from the sale against the estate.

2. He could present a contingent claim against the estate, in which event he would be compelled to realize from his security first, and then proceed against the estate for the residue.

3. He could abandon his lien and levy upon the real estate, and present the judgment for allowance against the estate, in which case he would take his chances with other creditors, and receive his pro rata of the entire estate.

He took the third course. Under his contention he would be entitled to share pro rata with the other creditors on the full amount of his claim, and then have his lien left to apply upon the payment of the residue. This course would give him an unfair advantage over other creditors, contrary to *Aldrich* v. *Annin*, 54 Mich. 230. After the levy the chief purpose of the attachment had been accomplished, viz., to secure and preserve a lien until a levy could be made. After the levy the only function left for the attachment to perform was to fix the date from which the title which the attaching creditor might acquire by sale should run.

It is unnecessary to determine whether the attachment was merged in the levy. We think it clear that the release and return of the levy by the direction of the complainant, his proving the claim against the estate, not as a contingent claim, but as an absolute claim, unsecured, without anything to indicate his intention to retain his lien, and the continuance of that condition for more than a year, amounted to an abandonment of the attachment levy, and placed him in the list of general creditors. *Butler* v. *White*, 25 Minn. 432; *McConnell* v. *Denham*, 72 Iowa, 494.

" An attaching creditor     *     *     *     may waive by delay,

by conduct which indicates an abandonment of his rights, by claiming benefits, or by prosecuting other judicial proceedings which are inconsistent with the continuation of the attachment." 4 Cyc. 630.

Counsel for complainant cite *Merchants' Nat. Bank* v. *Greenhood*, 16 Mont. 395. The facts in that case afford a sound basis for the language of the court in regard to abandonment, but are in no wise the parallel of the facts in this. Immediately after the return of the execution in that case unsatisfied the plaintiff filed a bill in equity to sustain his rights by virtue of the attachment levy, and the court say:

"Instead of abandoning the attachment in fact, the respondent at once came into the court of equity to render more completely available its attachment lien."

The case was submitted and argued in the court below and is argued here upon the theory that it was necessary to preserve the attachment lien as a basis for the second levy. We have therefore disposed of the case upon that basis.

The decree is affirmed, with costs.

McALVAY, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.