## Sage's Executors v. Commonwealth.

(Decided October 27, 1922.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Statutes—Intention of Legislature—Construction.—The cardinal rule of statutory construction always is to ascertain the legislative intent, and when that is clearly expressed, rules of construction adopted to assist the court in ascertaining that intention are inapplicable.

2. Taxation—Inheritance Taxes—Exemptions.—Exemptions from the common burden of taxation are not favored, and presumably were not intended if not plainly expressed; and this same presumption prevails with reference to inheritance taxes as to nonresidents at least, regardless of whether such a tax ought ordinarily be classed as a special or an ordinary tax.

3. Taxation—Inheritance Taxes—Exemptions.—The fourth section of the Kentucky inheritance tax law, section 4281a-4, Kentucky Statutes, exempts from the tax all property passing by will or gift to five classes of institutions of a public character, the first of which is expressly confined to such as are located "within this state," while the other are described in language so general as literally to include such institutions without as well as within the state. Held, that the exemption applies to property devised to all classes, except the first, whether located in or out of the state.

4. Taxation—Religious Societies—Charities.—A church is a "purely public charity" within the purview of this secton.

TRABUE, DOOLAN, HELM & HELM and BLEWETT LEE for appellant.

CHAS. I. DAWSON, Attorney General, J. MATT CHILTON and J. S. LUSHER for appellee.

HELM BRUCE, Amicus Curiae.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Mrs. Margaret Olivia Sage, the widow of Russell Sage, died testate on November 4, 1918, a resident of New York City. By her will, after making certain bequests to her relatives, she gave the residue of her large estate to various hospitals, educational institutions, churches and charitable organizations, none of which is located, or required to expend the money left it within this state.

By this action, the Commonwealth sought to collect an inheritance tax upon the interests devised to these nonresident benevolent institutions in 3,500 shares of stock in the Southern Pacific Company, a Kentucky corporation, under the Kentucky inheritance tax law, section 4281a, Kentucky Statutes, and from the judgment so ordering, the executors of Mrs. Sage have prosecuted this appeal.

The Southern Pacific stock was appraised at $343,-371.00, and no question is made as to the correctness of that appraisement, nor as to the liability of individual devisees to be taxed upon the interests they take under the will in this stock; but it is insisted by the executors that by subsection 4 of section 4281a, *supra,* the interests in this stock which passed to the nonresident organizations, including churches, are exempt from the tax, and that the court erred in holding them liable therefor.

The principal question for decision then, is whether or not the legislature intended, by subsection 4 of the act which imposes the tax, to exempt from such tax nonresident institutions of the character mentioned. That section, in so far as involved, reads:

"Property of any amount bequeathed or transferred to any municipal corporation within this state for public purposes, to institutions of purely public charity, to institutions of education not used or employed for gain by any person or corporation and the income of which is devoted solely to the cause of education, to public libraries, or to any person or persons, society, corporation, institution or association in trust for any of the purposes above mentioned, shall be exempt from such tax."

Approaching the construction of this language employed by the legislature to express its intention, we are confronted with various approved rules of statutory construction, which counsel from either side insist are applicable and controlling, but to which we hardly think

it is necessary to refer since in our judgment the language employed expresses the legislative intention too plainly to require the employment of any rules of construction. Neither do we consider the construction which the courts of other states have placed upon their inheritance tax laws of controlling weight, or even of assistance here, because none of those statutes employs the same or similar language to that employed in our statute.

The cardinal rule of statutory construction always is to ascertain the legislative intent, and when that intent is clearly expressed there is neither occasion nor justification for resorting to the rules that have been adopted and are of value only to ascertain the intention when not clearly expressed.

The authorities are unanimous, however, in holding that exemptions from the common burden of taxation are not favored, and presumably were not intended, if not plainly expressed; and that this same presumption also obtains with reference to an exemption from an inheritance tax as to nonresidents at least, regardless of whether an inheritance tax ought ordinarily to be classed as a special or an ordinary tax.

In the many authorities cited by the learned counsel who have briefed this case, there is no dissent from these general principles, and we feel sure none can be found. We do not think that it is necessary, therefore, either to cite or discuss the many cases referred to in the briefs, or to decide whether an inheritance tax is a special or an ordinary tax, or to do more than simply state that, under all of the authorities cited by both sides, the claimed exemption should not be allowed, unless such an intention upon the part of the legislature is plainly expressed, and that we have approached the construction of the language of this statute with that presumption in mind.

It will be noticed that the exemption is to property bequeathed or transferred to five classes, described as follows:

(1) Any municipal corporation *within this state* for public purposes,

(2) Institutions of purely public charity,

(3) Institutions of education, not used or employed for gain by any person or corporation, and the income of which is devoted solely to the cause of education,

(4) Public libraries,

(5) Any person or persons, society, corporation, institution, or association in trust for any of the purposes above mentioned.

It is perfectly plain, we think, that the legislature by this language has shown that in framing this subsection of the statute it had in mind the question of the location within or without the state of the persons, institutions and property that it desired to exempt from the inheritance tax; and, that having confined the exemption to only one of the named classes within the state, has plainly expressed an intention that such limitation should not apply to the other classes described in language so general as literally to include those without, as well as those within, the state. Any other construction of necessity disregards entirely the words "within the state" applied only to the first class, and both the lower court and counsel for the Commonwealth concede that under their construction of the section it would mean exactly the same if these words of limitation, attached to one class and omitted from the others, had been entirely omitted by the legislature.

If we should feel called upon to resort to rules of construction for ascertaining the legislative intent thus plainly expressed, we think the rule peculiarly applicable is the one that some meaning must be ascribed to everything the legislature has said or done, unless by so doing a manifest absurdity or inconsistency is produced in view of the purpose the legislature had in enacting the law. No such absurdity or inconsistency is produced by ascribing to these words of limitation attached to general words of description in one place and omitted from others their obvious meaning; and except for a resort to rules of construction where it seems to us there was no occasion therefor, we feel sure there would have been no confusion as to what the legislature meant by what it has said. We therefore feel constrained to hold that the legislature intended, as we are sure the simple language employed plainly means, to extend the exemption to property devised to all of the classes enumerated, except the first, whether located within or without the state.

It is further contended by counsel for the Commonwealth, that even under such a construction of the section the exemption does not apply to a church, since this court in Commonwealth v. Thomas, 119 Ky. 210, 83 S. W. 572, and other cases, has held that a church is not a

"purely public charity" and, therefore, not included in the second class exempted by this law, and to which alone it could be assigned. Counsel, however, do not give the proper consideration or sufficient effect to the differences in the provisions of section 170 of the Constitution, construed in the Thomas case, and the section of the inheritance tax law here involved.

Section 170 of the Constitution relates only to *ad valorem* taxes, as has been held many times, and treats churches as a separate class, limiting within definite bounds their exemptions from such taxes, but extends unlimited exemptions to institutions of purely public charity. The court, therefore, could not possibly have concluded that churches, even though they were in fact public charities, were treated as such by that section since to have included them in that class to which unlimited exemptions were extended, would have entirely disregarded and annuled the carefully limited exemptions therein separately conferred upon. It was for this reason, in part at least, as the opinion in the Thomas case discloses, that churches were held not to be exempt from *ad valorem* taxes as public charities as that term is employed in that section of the Constitution.

In the statute now before us, churches are not treated as a separate class or referred to as such, and if in fact they are purely public charities, no reason appears for denying them such classification within this statute. That they are quite universally so regarded is proven by the following cases: Telle v. Bishop of Derry, 168 Mass. 341; Osgood v. Rogers, 166 Mass. 238; Douglas Estate, 94 Neb. 280; People v. Bräucher, 258 Ill. 604.

We have been cited to no case holding to the contrary except the Thomas case, *supra,* and those of this state that have followed it, nor do we understand that counsel for the Commonwealth contend otherwise.

We have held in Trustees of Kentucky Female Orphan School v. City of Louisville, 100 Ky. 470, 36 S. W. 291, that a denominational orphan school is "a purely public charity" under section 170 of the Constitution; and in Widows' and Orphans' Home of O. F. v. Commonwealth, 126 Ky. 386, 103 S. W. 354, that a home for the widows and orphans of deceased Odd Fellows was also "a purely public charity." In both of those cases we quoted with approval the following definition of "a purely public charity" from the decision of the Supreme Court of Pennsylvania:

"Whatever is done or given gratutiously in relief of the public burdens, or for the advancement of the public good, is a purely public charity. Where the public is the beneficiary, the charity is public, and where no private or pecuniary return is reserved to the giver or to any particular person, but all the benefit resulting from the gift or act goes to the public, it is a purely public charity; the word 'purely' being equivalent to wholly."

Certainly no one would deny that churches are maintained for and conduce to the advancement of the public good, and we feel sure there would be no effort to deny that they were included in the exemptions extended by this statute "to institutions of purely public charity" except for our decisions construing section 170 of the Constitution. Since the reasons which induced our holding that churches were not purely public charities as that term is used in section 170 of the Constitution, do not exist with reference to the statute now before us, and there being no other conceivable reason for denying them that classification, we are of the opinion it should be accorded to them.

For the reasons indicated the judgment is reversed, and the cause remanded for proceedings consistent herewith.

The whole court sitting.