JACOB JABLOUSKI *et al vs.* SIMONS LAND CO.

DECEMBER 31, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

VINCENT, J. The plaintiffs, Jacob Jablouski and Jacob Chernack, together with one Max Simons, became incorporated, under the name of the "Simons Land Company",

prior to the events and occurrences which we are called upon to consider.

The papers in the case present a number of variations, in the spelling of names, which we have not followed except in some quotations.

On December 29, 1922, Jablouski and Chernack filed a petition in the Superior Court representing that the respondent, the Simons Land Company, was, and for some time had been, wholly insolvent and unable to pay the claims due the petitioners and other creditors. This petition, according to its terms, was filed by the petitioners for themselves and on behalf of such other persons as might be creditors of the Simons Land Company.

In and by said petition the Superior Court was requested to issue a citation to the Simons Land Company "to show cause why a permanent receiver of said corporation and its properties and effects should not be appointed, in order that the rights of these petitioners and other creditors of said Simons Land Company may be protected." The appointment of a temporary receiver was also asked for.

On the following day, December 30, 1922, Jablouski and Chernack brought a suit at law, against the Simons Land Company, to recover certain amounts claimed to be due to them as creditors of said company. The writ was served by attaching the real estate of the Simons Land Company. Later, on January 3, 1923, some defect in the attachment having been discovered, a writ of *mesne* process was issued designed to cover the error and made returnable on January 13, 1923.

On January 15, 1923, at the instance of the petitioners, Jablouski and Chernack, a decree was entered in the Superior Court appointing Edward G. Carr receiver of the Simons Land Company and directing him to forthwith take into his custody and control the estate and effects of the Simons Land Company; to examine all claims and demands against it, and to report to the court his recommendations in connection with the condition of said company.

Subsequent to the appointment of a receiver, Jablouski and Chernack, and Max Simons, all three of them claiming to be creditors of the Simons Land Company, entered into the following stipulation in the receivership proceedings: "Jacob Yablonski, Jacob Shernack and Max Simons, having or purporting to have certain claims as creditors of Simons Land Company, hereby stipulate and agree that said claims may be presented for adjudication to a single justice of the Superior Court of the State of Rhode Island, on Monday, May 7th, A. D. 1923; that the right to jury trial is hereby expressly waived, and that the decision of said justice shall be regarded as the final decision upon said claims, said parties hereby expressly waiving the right to appeal or prosecute exceptions."

In accordance with this stipulation a hearing was had, before a justice of the Superior Court, which resulted in a finding that the amount due Jablouski and Chernack was $6,889.62, and that Max Simons had a valid claim for $4,785, that being the amount due him on the second mortgage, recognized by the parties in the agreement of July 15, 1922.

The amount of $4,785 is, however, reduced to $785 for the reason that the amount of $4,000 which was advanced by the holder of the first mortgage was retained by him out of the proceeds arising from the foreclosure sale. This would leave Max Simons entitled to priority to the amount of $785.

On January 16, 1924, Jablouski and Chernack filed a motion, in their action at law, for the entry of judgment. This motion was heard and denied.

Thereafter the receiver submitted his final report from which it appeared that he had in his hands the sum of $9,252.57. This report of the receiver also sets forth, in so far as it relates to the claims of Jablouski and Chernack, that Max Simons is entitled to priority to the amount of $785 and Jablouski and Chernack, or their assignees, to the amount of $6,889.62. This report of the receiver was con-

firmed by a decree of the Superior Court and it is from this decree that Max Simons has taken an appeal.

The more important question raised by the appeal is, is the decree erroneous in that it gives to the claim of Jablouski and Chernack a priority over the general creditors, by reason of their attachment of the property of the Simons Land Company, after they had filed their petition for a receiver for the benefit of themselves and other creditors of that company.

The appellant contends that when Jablouski and Chernack filed a petition representing the Simons Land Company insolvent, and asking for the appointment of a receiver, they could not later avail themselves of a suit at law for the purpose of collecting the amount due them from said company and thus obtaining priority over other creditors.

The petition of Jablouski and Chernack representing the Simons Land Company as insolvent and asking for the appointment of a receiver was, under the statute, a proceeding in equity, General Laws of Rhode Island, 1923, par. 3525.

While it may be said that some of the authorities are the other way, we believe that those holding that attachments made, after proceedings in insolvency have been instituted, cannot be enforced. This effects a more just and reasonable distribution of the assets of the insolvent and is more in keeping with the principles of equity.

There are some cases in this State in which it has been held that an attachment made prior to the filing of a petition in insolvency is not affected by such petition and that the creditor will retain his priority but we do not find any case decided by this court dealing with the question of priority where the attachment is made subsequently and by the parties asking for a receiver.

In *Hill* v. *Baker*, 205 Mass. 303, the court, in the course of its opinion, said: "We have not the date of filing the bill . . . and must take the date of the appointment as fixing the rights of the parties."

In *Merrill* v. *Commonwealth Mutual Fire Ins. Co.* 171 Mass. 81, the court said, quoting from *Stevens* v. *Shenango Glass Co.*, 166 Mass. 238, "The rights of all parties to share in the property of the corporation are fixed as of the date of the filing of the bill in equity." To the same effect see *Jones* v. *Arena Publishing Co.*, 171 Mass. 22.

In the case of *Fogg et al* v. *Supreme Lodge of the Golden Lion*, 159 Mass. 9, the court said: "The date of the filing of the bill is to be taken as the date which, as a general rule, fixes the rights of the parties", and citing *Burdon* v. *Massachusetts Safety Fund Association*, 147 Mass. 360. See also the case *Atlas Bank* v. *Nahant Bank*, 23 Pick. 480.

In *Merrill* v. *Commonwealth Mutual Fire Insurance Co.*, 166 Mass. 238, the court said: "The rule adopted in this Commonwealth in somewhat similar cases is, that attachments made before the commencement of the proceedings in equity are not dissolved by the appointment of a receiver to settle up the affairs of the corporation, but that attachments made after the commencement of such proceedings cannot be enforced. The rights of all parties to share in the property of the corporation are fixed as of the date of the filing of the bill in equity."

The case of *Van Alstyne* v. *Cook*, 25 New York 489, was a suit in equity praying for an accounting among the partners; the closing up of the affairs of the partnership, and the distribution of its assets among all of its creditors. The court of appeals held: "The commencement of such suit as between the parties thereto, created a *lis pendens* in respect to all the partnership property and necessarily gave the court exclusive control of such property for the liquidation of the partnership affairs. It was in effect a suit in behalf of the general creditors of the partnership.'

There is also authority to the effect that participation in a receivership, or in any similar proceeding, works an abandonment of inconsistent legal remedies. *Ryhiner* v. *Ruegger*, 19 Ill. App. 156; *Lafferty* v. *Lafferty*, 139 Mich. 176.

In *Cobb* v. *Camden Savings Bank*, 106 Maine 178, the court said that the "later, and we think the better, rule is, that in statutory proceedings for the sequestration and winding up of corporate estates and the distribution of their proceeds the title of the receiver relates back either to the filing of the bill or issuing process by the court." It will be borne in mind that, in the present case, the petition was filed and process issued prior to the attachment.

It is not disputed that Jablouski and Chernack were the only persons petitioning the court for the appointment of a receiver and the distribution of the assets of the Simons Land Company, and that subsequent to the filing of such a petition they attempted to gain priority for their claim, against said company, by an attachment of its real estate in a suit at law.

It further appears that after their attachment was perfected, on January 3, 1923, Jablouski and Chernack further participated in the receivership proceedings by filing, on May 2, 1923, a stipulation in which they agreed to submit the adjudication of their claims to a single justice of the Superior Court and waiving jury trial and the right of appeal. Such action on their part would seem to work an abandonment of their attachment, assuming that they had acquired any rights under it.

Upon the authorities cited, and for the reasons already stated we do not think that Jablouski and Chernack acquired any valid lien upon the property of the Simons Land Company which can be enforced to the detriment of other creditors of that company.

The appellant claims that the report of the receiver should be rejected because it appears that he has not credited all the assets due the estate of the insolvent corporation. While the receiver may not have been conspicuously active in ascertaining the ownership of certain personal property located upon the premises of the insolvent company, there is some evidence that certain effects, which were removed, were not the property of the company. Taken altogether

we do not think that the record furnishes sufficient evidence to reject the report of the receiver on that ground.

The decree of the Superior Court is set aside in so far as it gives to the claims of Jablouski and Chernack priority over the claims of general creditors.

The parties may present to this court a form of decree in accordance with this opinion.

*Cooney & Cooney*, for petitioners.

*Huddy, Emerson & Moulton*, for creditor of respondent.