## Lloyd Library and Museum v. Chipman, Sheriff.

(Decided December 17, 1929.)

ROUSE & PRICE for appellant.

L. M. ACKMAN, J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The Lloyd Library & Museum, a corporation organized under the laws of the state of Ohio, owns a farm in Grant county, Ky. Claiming that its property is exempt on the ground that it is an educational institution, the Lloyd Library & Museum brought this action

to enjoin the sheriff of Grant county from selling the farm for taxes due for the year 1928. The facts were agreed, and on final hearing the chancellor refused the relief prayed. Plaintiff has appealed.

Section 170 of the Constitution provides:

"There shall be exempt from taxation . . . institutions of education not used or employed for gain by any person or corporation, and the income of which is devoted solely to the cause of education; . . . and all laws exempting or commuting property from taxation other than the property above mentioned, shall be void."

The material facts agreed on by the parties are these: Appellant is an Ohio corporation and was originally organized for the following purpose: "To collect and maintain a library of Botanical, Medical, Pharmaceutical and Scientific Books and Periodicals and works of Allied Sciences, and Botanical Specimens, and to promote and encourage the scientific study and investigation of Botany in its various branches, and to do all things necessary and incident to the carrying out of said purposes."

Its articles were amended in the year 1924, and its purpose was stated as follows: "Said corporation is formed for the purpose to collect and maintain a library of Botanical, Medical, Pharmaceutical and Scientific Books and periodicals and works of Allied Sciences and Botanical Specimens, and for the holding of real estate in Cincinnati, or elsewhere, on which real estate there shall be maintained buildings for museums or library purposes, all of which are to promote and encourage the scientific study and investigation of Botany in its various branches, and to do all things necessary and incident to the carrying out of said purposes; and for the preservation of natural or planted groves, woodlands or forests; or for the preservation of original geological formations, all for aid in the study of Pharmacy and Materia Medica, Botany, Geology, Agriculture and Allied Sciences; and for the erection of welfare houses for entertainment for school, church or community purposes or other activities of general interest to the community, all without profit to the Lloyd Library and Museum."

Appellant owns a farm in Grant county, which was assessed for taxes for the year 1928, the tax amounting

to $665.01, besides penalty and interest. Appellant maintains a library and museum of botanical and geological specimens in Cincinnati, has therein 46,000 volumes of books upon the subjects of pharmacy, medicine, botany, and related subjects, and employs a librarian. The library and museum are open at all reasonable hours to the public generally, and especially to persons interested in the subjects mentioned. While appellant has capital stock, no dividend has been paid, or can be paid, and no financial advantage or gain of any kind can accrue to holders of the stock. No fee is charged for admission to the library or museum, or for the use of the books. The farm contains about 396 acres, on which are two 20-acre woodland tracts in a wild condition, and stocked with birds and squirrels. There is on it a welfare house used for shows and dances. No fee is charged for dances, but a small fee is charged for admission to the shows, which have been operated at a loss. About 10 acres are in corn; 3 to 4 acres in flowers; a portion in wheat for wild geese; the balance in grass or woodland. There is a small surplus of crops and stock which is sold, and the proceeds are turned over to the appellant. Persons and organizations are admitted and allowed to hold picnics and dances upon the farm with the consent of the manager in charge. No fee or compensation for such use is exacted. For some years past, the department of agriculture and home economics of Kentucky held institutes of several days' duration on the farm. Girl Scouts also hold camps upon the farm with some degree of regularity. Institutes and Girl Scouts bring their own instructors, and lectures and studies are carried on upon the farm. No fee is charged to any institute or camp, or for the study of plants and plant life upon the farm. The farm, library, and museums are maintained wholly by an endowment fund, which is controlled by trustees. The principal and income of that fund is managed and expended in accordance with a trust agreement. Appellant's only income is from the trust fund and the small amount realized from the sale of the surplus stock and crops. Mr. Lloyd provided a fund for the payment of taxes on any real estate appellant has or may acquire, and the fund is ample for the payment of the tax involved in this action.

It seems to have been held in some states that libraries and museums are exempt as charitable institutions. State ex rel. Hudson v. Academy of Science, 13

Mo. App. 213; Cleveland Library Association v. Pelton, 36 Ohio St. 253; Donohugh's Appeal, 86 Pa. 306. Whether appellant is a charitable institution or an institution of education within the meaning of our Constitution is a question we need not determine. Even if that be conceded, its library and museum are located in the state of Ohio, and no similar institution is conducted in this state. Here we have only the farm, which, in addition to being cultivated in part and used in part as a refuge for birds and squirrels, is sometimes used for picnics, for institutes conducted by the department of agriculture and home economics of Kentucky, and as a camping place for Girl Scouts. In the conduct of this farm, no teachers are employed, and no system of intellectual, moral, or physical training is carried on, by appellant. In the circumstances, it cannot be said that the farm, the only institution conducted in this state, is either a charitable or educational institution. While because of the peculiar language of the statutes (Ky. Stats. 4281a1 et seq.), exempting from inheritance tax property given to institutions of purely public charity, education, etc., we have taken a different view of the question and held that the exemption includes gifts of charity to nonresident institutions, Sage's Ex'rs v. Commonwealth, 196 Ky. 257, 244 S. W. 779, we are forced to the conclusion that section 170 of the Constitution refers only to institutions of purely public charity, or institutions of education located in this state. Exemptions to charitable and educational institutions are bottomed on the fact that they render service to the state, and thus relieve the state and its people of a burden which they otherwise would have to assume. In its final analysis an exemption is equivalent to an appropriation. It was never the intention of the framers of the Constitution that Kentucky should make an appropriation for the benefit of foreign institutions that render no service to the state. If such were the rule, many foreign institutions from which the citizens of our state receive no benefit might find it to their advantage to come into our midst and invest their endowments in Kentucky property. In announcing this rule, we confine its application to such foreign corporations as conduct their charitable or educational institutions wholly without the state, and do not mean to hold that property in this state belonging to a foreign corporation is not exempt from taxation if it be actually used by such corporation in conducting a

charitable or educational institution in this state. It follows from what we have said that the decision of the chancellor is correct.

Judgment affirmed.