## Commonwealth v. Nelson's Administratrix et al.

(Decided October 24, 1930.)

J. W. CAMMACK, Attorney General, and S. B. KIRBY, JR., Assistant Attorney General, for appellant.

NELSON D. RODES for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

The Kentucky Humane Society for the Prevention of Cruelty was incorporated by an act of Legislature approved April 15, 1884. See Acts 1883-84, p. 1366, c. 759. The seventh section of this act is in these words:

"The police force of the city of Louisville, as well as of all other places in this State where police organizations exist, and all sheriffs, constables, and justices of the peace, shall, as occasion may require, aid the society, its members or agents, in the enforcement of all laws which are now or may hereafter be enacted for the prevention of cruelty."

By sections 1246-1 to 1246-4, Kentucky Statutes, it is made an offense to unnecessarily or cruelly mistreat any animal and any peace officer may lawfully destroy or kill any animal abandoned and suffering under certain circumstances. By his will Lucian Q. Nelson made the following devise:

"I desire $50,000 (Fifty Thousand) Dollars to be retained in trust and the income to be paid to the Society for prevention of cruelty to animals and the agent appointed to reside in Danville, Kentucky, and see that animals are treated humanely."

The act levying an inheritance tax passed in 1924 contained this provision:

"All transfers to educational, religious or other institutions, societies, or associations, whose sole object and purpose is to carry on charitable, educational or religious work, within the state, all transfers for or upon trust for any charitable purpose in this state and all transfers to cities and towns or public institutions in this state for public purposes, shall be exempt from the tax imposed by this act." Ky. Stats., sec. 4281a-2.

The question presented here is this: Is the above devise subject to the inheritance tax? The circuit court gave judgment in favor of the defendant. The commonwealth appeals.

It is earnestly insisted for the commonwealth that the proper meaning of the words "charitable" or "char-

itable purpose" is a provision for human beings and that a provision for the prevention of cruelty to animals is not within the proper meaning of the terms. But the common law is in force in Kentucky, and at common law these terms included a provision for the prevention of cruelty to animals. Obert v. Barrow, L. R. 35 Ch. Div. 472; Mitford v. Reynolds, 1 Phill. Ch. 185; University of London v. Yarrow, 1 De G. & J. 72; Tatham v. Drummond, 34 L. J. Ch. (N. S.) 1. See also Bouvier's Law Dictionary under the words "charitable uses;" Estate of Coleman, 167 Cal. 212, 138 P. 992, Ann. Cas. 1915C, 683; also Minns v. Billings, 183 Mass. 126, 66 N. E. 593, 5 L. R. A. (N. S.) 686, 97 Am. St. Rep. 420; 11 C. J. 326. This court also has announced the same rule. See Neptune Fire Engine Co. v. Board of Education, 166 Ky. 1, 178 S. W. 1138, Ann Cas. 1917C, 789; Willett v. Willett, 197 Ky. 683, 247 S. W. 31 A. L. R.

It is insisted that in the statute religious and educational trusts are referred to, and that as these refer only to human beings the other words should be given the same meaning. But clearly the next words in the statute were intended to make it applicable to "any charitable purpose," and the court is not at liberty to disregard the plain words of the statute.

It is also insisted that the demurrer to the petition should have been sustained; but the case was heard on the merits, and if there was any defect in the petition it was cured by the subsequent pleadings and proof. The petition was substantially sufficient. The statute above quoted is not in violation of section 170 of the Constitution. Sage v. Com., 196 Ky. 257, 244 S. W. 779. The state has assumed the public duty of preventing cruelty to animals by the statute above referred to, and this devise is in aid of the performance of a duty assumed by the state under the statutes. The judgment on the whole case is correct, and no substantial right of the appellant was prejudiced.

Judgment affirmed.