FRANK SWAN, Appellee, v. JOHN C. MITCHELL *et al.*, Appellees; E. WOOLLEY, Appellant.

Mortgages of Real Property: FORECLOSURE: RECEIVER. A provision in a mortgage on real property conveying the "tenements, hereditaments and appurtenances thereunto belonging, and the

rents, issues, products and profits, thereof," and giving the mortgagee, upon the default of the mortgagor in the payment of interest, or of other covenants mentioned, to take possession of the property, and rent or cultivate the same, is not sufficient ground of itself in a foreclosure proceeding to warrant the appointment of a receiver of the property during the period of redemption, as against a lessee in possession thereof under a lease covering such period, and for which the rent has been paid.

*Appeal from Story District Court.*—HON. JOHN L. STEVENS, Judge.

MONDAY, FEBRUARY 9, 1891.

THIS is an appeal by the defendant Woolley from an order appointing a receiver to take possession of certain real estate.—*Reversed.*

*Dyer & Fitchpatrick,* for appellant.

*D. J. Vinje,* for appellees.

ROTHROCK, J.—On February 11, 1887, the defendants, John C. Mitchell and Martin D. Mitchell, executed to plaintiff their promissory note for the sum of fifteen thousand dollars, payable on February 11, 1892, with interest at the rate of seven and a half per cent. per annum, payable semi-annually. They also executed a mortgage to the plaintiff upon a farm of five hundred and four acres, to secure the payment of the said sum and interest. The mortgage contains many provisions not ordinarily found in such instruments in this state. It is verbose and replete with repetition, the only effect of which is to increase the fees of the county recorder. The granting part of the instrument contains the following provision: "To have and to hold the premises above described, together with all and singular the tenements, hereditaments and appurtenances thereunto belonging, and the rents, issues, products and profits thereof with the second party, his heirs and assigns forever." It provides for the payment of taxes by the mortgagors, and for the insurance of the

buildings on the land for the benefit of the mortgagee; and that the mortgagors shall keep the buildings, fences and other improvements on the land in good repair; and that a failure to pay any installment of interest when due, or within thirty days thereafter, should cause the whole sum secured by the mortgage to become due; and that the holder of the debt might thereupon elect to foreclose the mortgage immediately for the whole of the debt, interest and costs. The instrument contains the following further stipulation : " And it is also expressly stipulated and agreed between the parties hereto that in the event of any failure to pay said sums of money, or any part thereof, or the interest thereon, when due and payable, or to perform any of the covenants as above provided, then the said second party shall be, and is hereby, authorized by himself or agent, at his option, to take immediate possession of said property, and remove all persons therefrom without process of law, or, upon giving said first parties five days' notice of such intention, said second party may commence an action of forcible entry or detainer to recover the possession of said premises, and to rent or to cultivate the same, as he may deem best for the interest of all parties concerned, and shall be held liable to account to the first party only for the net profit thereof. It is also agreed that the taking possession thereof, as above provided, shall in no manner prevent or retard the second party in the collection of said sums by foreclosure or otherwise." The mortgagors made default in the payment of the installments of interest which became due in February and August, 1889, and on the fifth day of September of that year the plaintiff commenced this action to foreclose the mortgage and demanded judgment and a decree of foreclosure, " and that a receiver be appointed to take charge of the mortgaged premises, and rent the same, and apply the proceeds in payment of the plaintiff's claim." The mortgagors did not appear to the action, but made default.

E. Woolley, the appellant, was made a party, and on September 24, 1889, he answered, alleging that he was in possession of the farm as lessee of the mortgagors by a lease dated November 10, 1887; that said lease was for three years from March 1, 1888 ; and that he had paid cash rent for the premises in advance. He denied that John C. Mitchell and Martha D. Mitchell, the mortgagors, were insolvent, and averred that the mortgaged premises were worth at least twenty thousand dollars, a sum sufficient to pay the mortgage debt in full, together with costs and taxes, and that, under and by virtue of said lease, he was entitled to the possession of the mortgaged premises during the period allowed by law for redemption. He denied that the plaintiff was entitled to have a receiver appointed. The cause was tried on October 7, 1889. The only evidence introduced was the testimony of two witnesses in behalf of the plaintiff, and the same number in behalf of the defendant Woolley, and their testimony was confined to the issue tendered by the defendant Woolley as to the value of the land. The valuation as fixed by these witnesses ranged from thirty to forty dollars an acre. The court rendered a judgment against the mortgagors for the full amount of the debt, interest and costs, and attorney's fees, and the farm was ordered to be sold to pay the same. The decree further provided as follows : " And it is further ordered and adjudged that, in default of said real estate selling for sufficient to satisfy said judgment, a general execution issue against the property of the said John C. Mitchell and Mattie D. Mitchell for the remainder. And it is further adjudged and decreed that, in default of said premises selling for sufficient to satisfy said judgment, the plaintiff is entitled to have a receiver appointed to take possession of said real estate, and rent the same during the period of redemption, and that the rents and profits therefrom be applied in the payment of said judgment as far as the same shall be needed, and if anything is left after paying the said judgment and costs, and expenses of the receiver, the same shall be paid over to defendant,

E. Woolley, on demand. It is further ordered that Charles E. Smith is hereby appointed as such receiver, and he is authorized and directed as soon after the sale of said real estate as he shall execute a bond for the faithful discharge of his duties, in the penal sum of twenty-five hundred dollars, he is hereby directed to take possession of said property, and cultivate, or have the same cultivated, worked or rented to the best advantage of all parties interested. To all which the defendant, E. Woolley, at the time excepted."

A special execution was issued for the sale of the farm, and, after two adjournments of the sale for the want of bidders, the land was sold on November 16, 1889, to the plaintiff, for fifteen thousand, eight hundred and sixty-one dollars, leaving a balance of one thousand dollars of the judgment unpaid. The plaintiff did not cause general execution to issue for such balance, as ordered by the decree, but, on November 26, the receiver named in the decree qualified as such.

The question to be determined is, was the plaintiff entitled to the appointment of a receiver, and to the rents and profits of the land during the redemption period? The appointment of a receiver is one of the extraordinary remedies which may, in a proper case, be resorted to by a creditor as an aid to the collection of a debt. It operates as a summary method of seizing and holding property, and is usually attended with great expense and loss to the parties. A party seeking the remedy should make such a showing as to fairly entitle him thereto. We have set out certain parts of the mortgage that it may be seen that it is not contemplated thereby that a receiver should be appointed after a fore-closure. The mortgage expressly provides that the plaintiff may take possession by action of forcible detainer, if necessary, but that such possession "shall in no manner prevent or retard the second party (the plaintiff) in the collection of said sums by foreclosure or otherwise." There is no express provision for the appointment of a receiver at any time. The fact that the "tenements, hereditaments and appurtenances, and

the rents, issues and profits," were conveyed to the mortgagee must be construed with the defeasance of the instrument; and, where so construed, the instrument plainly provides that the rents and profits are only pledged in case possession is taken by the mortgagee. But the mortgagee did not take possession. His suit was an ordinary proceeding in equity for the foreclosure of the mortgage, and he did not ask for a receiver to take possession until after the remedy by foreclosure and sale should be exhausted. The mortgagors did not bargain away their right of redemption unless the plaintiff should take possession before foreclosure, and hold it until the defendant was paid. It is a right which the law gives to an embarrassed debtor to save his property if he can. It is in the nature of a stay law, and courts ought to require a very clear showing that it has been bargained away before depriving the debtor of the right to retain possession of the property until the redemption has expired. The defendant Woolley is the lessee of the mortgagors, and, as against the plaintiff, he has the same rights which the mortgagors could have asserted. Moreover the plaintiff did not show that the mortgagors were insolvent. That issue was directly tendered, and the burden was on him to show good grounds for the appointment of a receiver. See *Paine v. McElroy,* 73 Iowa, 81.

The order appointing a receiver is REVERSED.