First National Bank of Grand Meadow, Appellee, v. Security Trust & Savings Bank of Charles City, Appellant, et al.

**MORTGAGES:** Lien and Priority—Mortgage of "Rents" With Subsequent Chattel Mortgages. A mortgage on real estate, "together with rents, income, and profits thereof," with provision, in case of foreclosure, for the appointment of a receiver "of the rents, issues, and profits," is *subordinate* to a chattel mortgage on the *rents*, executed subsequent to the real estate mortgage, and prior to any action thereon.

**CHATTEL MORTGAGES:** Lien and Priority—Proceeds. Principle recognized that the lien of a chattel mortgage does not follow the proceeds of the mortgaged property.

**ACTIONS:** Form and Nature—Acquiescence in Improper Forum. The court may act on the concessions of litigants and on the tacit theory on which they try an action, and fully determine the controversy even though such theory is technically wrong.

*Appeal from Floyd District Court.*—J. J. Clark, Judge.

February 15, 1921.

Rehearing Denied June 25, 1921.

Action by one mortgagee against another for the alleged conversion of the proceeds of the sale of the mortgaged property. Verdict for plaintiff, by direction of the court. Defendant mortgagee appeals.—*Affirmed.*

*F. & F. M. Linnell,* for appellant.

*J. C. Campbell,* for appellee.

Per Curiam.—As stated, this controversy involves the proceeds of the sale of one half of a crop of corn and oats, belonging to Wallace C. Allen, the landlord and mortgagor, grown on the northeast quarter (NE¼) of Section 15 and the south half (S½) of the southeast quarter (SE¼) of Section Ten (10), Township 96, Range 17, Floyd County, Iowa, during the sea-

son of 1916. On March 1, 1915, Wallace C. Allen and his wife executed a mortgage upon the above-described premises to the Security Trust & Savings Bank of Charles City, Iowa, appellant herein to secure an indebtedness of $11,500. Appellant also, at the time of the commencement of this suit, held a past-due mortgage upon the same premises for $6,600, by assignment from the Clover Leaf Land & Investment Company. On June 2, 1916, the defendant Wallace C. Allen executed to appellee a note in the sum of $1,854.48, and on August 4, 1916, a chattel mortgage upon his one-half interest in all crops raised or produced upon the above-described real estate, to secure the payment thereof. These mortgages were all duly recorded in the proper county. The mortgage given to appellant to secure the $11,500 note provides as follows:

"Witnesseth: That the said parties of the first part, for the consideration of eleven thousand five hundred dollars, the receipt whereof is hereby acknowledged, do by these presents grant, bargain, sell and convey, unto aforesaid, forever, the following described real estate, lying and being situated in the county of Floyd and state of Iowa, together with the rents, income and profits thereof. * * * And if suit is brought to foreclose this mortgage, I hereby authorize the court to appoint a receiver, for the benefit of the mortgagee, of the rents, issues and profits."

The mortgagor sold and delivered his interest in the oat crop to the Farmers' Exchange Company, at Rudd, Iowa, and later sold his half interest in the corn crop to his uncle, Emery Allen. The aggregate amount of these sales was $909.60, from which the expense of threshing the oats was deducted, and the balance, of $868.44, was, upon demand of appellant, paid to it by the purchasers.

On June 7, 1916, plaintiff commenced this action against appellant and Wallace C. Allen and wife for the conversion of the crops and proceeds of the sale paid to the bank. No appearance was entered for the Allens.

One of the points urged by counsel for appellant is that the mortgage to appellee upon the crops is void, because of insufficiency of the description. Conceding that the description is somewhat imperfect, appellant can take no advantage thereof,

for the reason that it had actual notice thereof, and of the claims of appellee, some time before the crops were sold. It is also contended by counsel for appellant that the lien of its mortgage is senior to that of the mortgage held by appellee. It is the law in this state, in harmony with the general holding, that the right of the holder of a mortgage upon real estate, pledging the rents and income as security to the defendant for the same, does not arise until action has been commenced to enforce collection of the debt. *Swan v. Mitchell,* 82 Iowa 307; *Paine v. McElroy,* 73 Iowa 81; *Des Moines Gas Co. v. West,* 44 Iowa 23; *Hubbell v. Avenue Inv. Co.,* 97 Iowa 135; *Stetson v. Northern Inv. Co.,* 101 Iowa 435. See, also, extended note to *Sullivan v. Rosson,* 4 A. L. R. 1400. No action was commenced by appellant upon either of its mortgages. In the *Swan* case, the court said:

"The fact that the 'tenements, hereditaments, and appurtenances, and the rents, issues, and profits,' were conveyed to the mortgagee must be construed with the defeasance of the instrument; and, where so construed, the instrument plainly provides that the rents and profits are only pledged in case possession is taken by the mortgagee."

The provisions of appellant's mortgage are almost identical with the language of the mortgage in the *Swan* case. We are of the opinion, therefore, that the lien of appellees' chattel mortgage upon the corn and oats is senior to the lien of the two mortgages of appellant.

It will be observed, however, that, in this action, appellee seeks to claim the proceeds of the sale of the mortgaged property. Under the repeated holdings of this court, the lien of a chattel mortgage does not extend to or cover the proceeds of the sale of the mortgaged property.

2. CHATTEL MORT-
GAGES: lien and
priority proceeds.

*Casady & Co. v. German Sav. Bank,* 159 Iowa 149; *Waters v. Cass County Bank,* 65 Iowa 234; *Nordby v. Clough,* 79 Iowa 428; *In re Assignment of Windhorst,* 107 Iowa 58; *Hartwig v. Iles,* 131 Iowa 501.

This action was commenced June 2, 1917, and, on June 11th, the defendant assigned its interest in the above-described mortgages to Z. T. Mitchell and William F. Johannaber, trustees, who are not parties hereto. The real controversy between plaintiff

3. ACTIONS: form and nature; acquiescence in improper forum. and defendant is over the proceeds of the sale of the mortgaged property held by the defendant,—not as its own, however, as it does not now claim to be the owner thereof, but for the benefit of the party entitled thereto. While plaintiff seeks, technically, to recover as for a conversion of mortgaged property, the real issue upon which the case was tried in the court below was that of the priority of mortgage liens. Having adjudicated this question in plaintiff's favor, we must either reverse the judgment of the court below, which would result only in circuity of action, or some formal procedure for the purpose of compelling the application of the funds upon the indebtedness due plaintiff, or we may, in view of the concessions of the defendant, treat the proceeds of the sale as a fund in court, representing the mortgaged property. C. D. Ellis, vice president of the defendant bank, referring thereto, said:

"So far as I am concerned, as an officer of the bank, so far as I know, all of the officers of the bank have at all times been ready to turn this money over to the rightful person."

The right to the proceeds of the sale, as between the mortgagor and the contesting mortgagees, is a question of priority only. We therefore see no reason why we should not, in disposing of this question, hold that the defendant bank should pay the money to the plaintiff, thereby disposing of the whole controversy in harmony with the actual contention of the parties. The funds in the hands of defendant at the time of the trial were, as stated, for the benefit of the party found to be entitled to receive the same. Giving effect, therefore, to our holding that the lien of plaintiff's mortgage is prior to the mortgages executed to or purchased by defendant and now held by its assignees, we must hold that plaintiff is the proper party to receive the same. The judgment of the district court is, therefore,—*Affirmed*.