ELBRIDGE G. DAVIS & others, trustees in bankruptcy, *vs.*
PAUL A. MAZZUCHELLI & others.
SAME *vs.* TREMONT TRUST COMPANY.
EDWARD LEVY *vs.* ELBRIDGE G. DAVIS & others, trustees in
bankruptcy, & others.

Norfolk.    February 28, 1921. — May 28, 1921.

Present: BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Receiver.    Bankruptcy.    Attachment.    Levy.    Execution.*

On February 8 of a certain year registered real estate of a corporation was attached
on mesne process.    On March 12 a suit in equity seeking the appointment of a
receiver of the corporation was begun.    On April 22 the action in which 'the at-
tachment was made went to judgment and an execution issued on April 23, which
on April 27 was levied on all the right, title and interest which the corporation
had in the real estate in question on the date of the attachment.    On May 31 a re-
ceiver was appointed in the suit in equity, and in that suit on June 18, after argu-
ment by counsel, including the counsel for the plaintiff in the action in which the
attachment was made, a decree was entered ordering " that all attachments and
levies upon the property of " the corporation " at the date of the appointment of
the receiver be and they hereby are continued in force for the benefit of the estate
of the " corporation; and a .month later a copy of the decree was filed for regis-
tration.    On July 5 the corporation was adjudicated a bankrupt, a trustee in
bankruptcy was appointed twenty-one days later and a copy of the appointment
was filed for registration.    On May 27 of the next year, while the decree of June
18 was in force, there was a sale under the execution in the action in which the
attachment had been made.    *Held*, that
   (1)  The trustee in bankruptcy succeeded to the rights of the receiver as they
existed at the time of the adjudication of bankruptcy;
   (2)  The right of the receiver in behalf of creditors of the corporation was by
relation to the time of the filing of the bill in equity and not to the date of his
appointment, over two and one half months later;
   (3)  The property in the possession of the receiver was *in custodia legis;*
   (4)  Under R. L. c. 167, § 126 (see now G. L. c. 223, § 130), and the decree of
June 18, the sale of the land on execution without leave of court was illegal and
void.

THREE PETITIONS, filed in the Land Court, the first two on May
5, and the third on October 21, 1920.    In the first petition the
trustees in bankruptcy of the New England Fireproof Construc-
tion Company sought to have certain memoranda of incumbrances

upon certificates of title of thirteen lots of registered land in Brookline cancelled. In the second petition they sought a decree directing the Tremont Trust Company, which held a mortgage upon each of the lots, registered as first incumbrances, to deliver to them duplicates certificates of title. In the third petition one Edward Levy, who claimed title to the lots by reason of a sale on execution described in the opinion, sought to have issued to him a certificate of title free from all incumbrances.

The incumbrances described in the memoranda, which the petitioners in the first petition sought to have cancelled, were described therein as follows: (a) attachment, Paul Mazzuchelli et al.; (b) attachment, William C. McConnell Co.; (c) attachment, Edison Portland Cement Co.; (d) attachment, Paul A. Mazzuchelli et al.; (e) copy of decree, Edmund A. Whitman, Receiver; (f) sheriff's deed, Edward Levy.

The supporting allegations of the first petition were, in substance, that the suit in which attachment (a) was made was returnable to the Suffolk Superior Court on the first Monday of December, 1917, and had never been entered in said court; that the attachments (b) and (c) were made within four months of the filing of a bill in equity by the Berger Manufacturing Company, a creditor of the New England Fireproof Construction Company, asking, among other things, that a receiver of the said New England Fireproof Construction Company be appointed; that in those proceedings a receiver was appointed; that because of those proceedings the attachments (b) and (c), under the provisions of R. L. c. 167, §§ 126, 127, were not incumbrances on the property; that the attachment (d) was made in a proceeding instituted within four months of the filing of the above described bill in equity and by virtue of those proceedings was dissolved and later continued for the benefit of the estate of the New England Fireproof Construction Company, and not for the benefit of the attaching plaintiff; that subsequently the action in which said attachment was made was reduced to judgment, execution issued, and a sheriff's sale of the real estate attached was had; and that therefore the incumbrance (f) was invalid; that Edmund A. Whitman was the receiver appointed in the suit in equity and filed a copy of the decree appointing him which is the incumbrance (e), and that, because of the bankruptcy of the New England Fireproof

Construction Company and the election and qualification of the petitioners as trustees, the copy of decree should be cancelled.

Edward Levy demurred to the first petition, and also filed an answer.

The petitions were heard in the Land Court by *Davis,* J., upon an agreed statement of facts. Material facts are described in the opinion.

The petitioners, in requests numbered 1 to 6, asked that each of the memoranda of incumbrances described in their petitions be cancelled, and for a seventh ruling that, " If the sheriff's deed to the respondent Edward Levy is valid, the petitioners should be allowed to redeem upon terms."

By order of the judge the demurrer of the respondent Levy to the first petition of the trustees in bankruptcy of the New England Fireproof Construction Company was overruled, the first six of the petitioner's requests for rulings were granted, the seventh request was denied, and the petition was allowed. The second petition of the trustees was denied, the judge finding that the certificates of title were in the possession of Levy, and Levy was ordered to deliver them to the trustees. Levy's petition for registration was denied. Levy alone appealed.

R. L. c. 167, § 126 (see now G. L. c. 223, § 130), reads as follows: " An attachment of property on mesne process shall be dissolved by the appointment by any court of competent jurisdiction in the Commonwealth of a receiver to take possession of such property; if the bill or petition praying for the appointment of such receiver is filed in said court within four months after such attachment was made, unless the court at any time, in its discretion, continues such attachment for the benefit of the estate of the defendant. In such case, the court may authorize the receiver to prosecute the action upon which the attachment was made for the benefit of the estate of the defendant and may make further orders to enable the receiver to recover for the benefit of the estate of the defendant the amount due to the plaintiff in the original action."

The cases were submitted on briefs.

*H. Parker & E. H. Hewitt,* for the respondent Levy.

*G. H. Brown & R. F. Tift,* for the petitioners.

PIERCE, J. This is a petition brought in the Land Court by

the trustees in bankruptcy of the New England Fireproof Construction Company, for the cancellation of certain memoranda of incumbrances including a memorandum of an execution sale to the respondent. The trustees in bankruptcy also petitioned for the surrender of the owner's duplicate certificate in the name of the New England Fireproof Construction Company. In the same proceedings the respondent Levy filed a cross petition for the issuance of certificates of title to him under said execution sale. The case is submitted on agreed facts.

From these facts it appears that the New England Fireproof Construction Company in 1916 was the owner of twenty-eight lots of registered land in Brookline, all subject to mortgages to the Tremont Trust Company. The mortgages on lots one to fifteen were foreclosed under leave of court; and the present petitions relate only to the remaining thirteen lots, the certificates of title to which are subject to mortgages to the Tremont Trust Company. As to these mortgages there is no controversy. Subsequent memoranda of incumbrances as described by the judge of the Land Court, are as follows:

(1) " An attachment made on November 10, 1917." It is agreed that this memorandum may be cancelled.

(2) " An attachment made January 9, 1918." This memorandum was cancelled, by order of the judge of the Land Court.

(3) " An attachment made on January 16, 1918, in an action brought by the Edison Portland Cement Company. The writ was duly entered, and the case is still pending." No judgment has been entered therein.

(4) An attachment made on February 8, 1918, in an action by Paul A. Mazzuchelli and Virginio E. Mazzuchelli, co-partners doing business as the Cambridge Cement and Stone Company. This action went to judgment on April 22, 1918, execution issued on April 23, 1918, and was levied April 27, 1918, on all right, title and interest the defendant, the said New England Fireproof Construction Company, had in the lots in question on the date of the attachment, February 8, 1918.

(5) "There was an execution sale, after numerous adjournments, on May 27, 1919, to the respondent Levy, and the sheriff's deed to him of May 27, 1919, was duly filed for registration and noted on said certificates."

(6) On March 12, 1918, a bill in equity for the appointment of a receiver of the New England Fireproof Construction Company was brought in the Superior Court. On May 31, 1918, a receiver was appointed. On June 18, 1918, a decree was entered after argument by counsel, including counsel for the Cambridge Cement Stone Company, ordering " that all attachments and levies upon the property of the New England Fireproof Construction Company at the date of the appointment of the receiver be, and they hereby are, continued in force for the benefit of the estate of the New England Fireproof Construction Company." On July 20, 1918, a copy of the decree was duly filed for registration and noted on said certificates.

On July 5, 1918, the New England Fireproof Construction Company filed a voluntary petition in bankruptcy, and on the same date was adjudicated a bankrupt. On July 26, 1918, the petitioners were appointed trustees in bankruptcy, and a copy of said appointments was on July 26, 1918, filed for registration and noted on said certificates. On March 14, 1919, the trustees in bankruptcy intervened as parties in the receivership proceedings.

In the Land Court the demurrer of Levy to the petition was overruled, the cross petition of Levy was denied and the petition of the trustees in bankruptcy was allowed. From the decision of the Land Court Levy appealed to this court.

It is the contention of the appellant Levy that the attachment of February 8, 1918, pursuant to which the land was sold on execution to him on May 27, 1919, was not affected by the proceedings in bankruptcy, because it was made more than four months before the bankruptcy proceedings on July 5, 1918; and he also contends that the attachment was not affected by the interlocutory order of the Superior Court, *supra*, because that court had no power to order the levy, made before the appointment of the receiver, continued for the benefit of the estate, but that its power was limited by the express words of the statute to continuing attachments; that at most the authority to continue the levy for the benefit of the estate was an authority under which the receiver, or his succeeding trustees in bankruptcy, could have prosecuted the action to recover for the benefit of the estate to the amount due to the plaintiff in the original action by duly proceeding with an execution sale and retaining the proceeds thereof;

that the appellant is a purchaser for value and entitled to certificates of title free from incumbrances other than the mortgages of the Tremont Trust Company.

The respondent cement company contended that if the respondent Levy prevailed he must take title subject to its attachment, which was also more than four months prior to the bankruptcy proceedings, and which it admitted was continued for the benefit of the insolvent estate; that if the petitioning trustees prevail, its attachment should be cancelled only on terms, because the trustees will have had the advantage of its expenses in bringing said action and making said attachment.

The trustees in bankruptcy contend that they succeeded to all the rights of the receiver as they existed at the time of the adjudication. Remington, Bankruptcy, (2d ed.) 1487, 1499, and cases cited. They do not contend that they can take the estate of the bankrupt free of the attachment under § 67 f of the United States bankruptcy law, because the lien obtained by the attachment of February 8, 1918, was not within four months prior to the filing of the petition in bankruptcy in July 5, 1918.

The question presented therefore is, what title or interest in the land of the New England Fireproof Construction Company did the receiver take on his appointment as receiver on May 31, 1918, and was that title or interest enlarged by the interlocutory decree on June 18, 1918, " that all attachments and levies upon the property of the New England Fireproof Construction Company at the date of the appointment of the receiver be and they hereby are continued in force for the benefit of the estate of the New England Fireproof Construction Company," which decree was duly filed for registration and noted on the certificates of registration.

It may be conceded, as the trustees contend, that the order of the continuance of all attachments and levies upon the property of the construction company under the authority of R. L. c. 167, § 126 (see now G. L. c. 223, § 130), was needless so far as it related to the attachment of February 8, 1918, for the reason that a dissolution of that attachment by operation of the statute, if such an attachment then existed, would have left the property free and clear of all claims other than the mortgages, and the attachment of January 16, 1918. But the dissolution of the attachments at the time of the appointment would also have dissolved the at-

tachment of the Edison Portland Cement Company made on January 16, 1918, and would have enhanced the value of the lien of the attachment of February 8, 1918, and of the levy on April 27, 1918, if the last named attachment and levy were superior in right to the interest of the receiver. It is plain that the order of the court continuing the attachment of January 16, 1918, was within the statutory authority of the court, and that that attachment has continued and is a prior lien to the attachment of February 8, 1918, the levy of April 27, 1918, and the sale on execution on May 27, 1919.

As the receiver's right and interests in the property were subject to all valid liens, the question arises whether the rights of the creditors were fixed as of the filing of the bill seeking an appointment of a receiver or as of the time of the appointment of the receiver. Upon this question we think the right of the receiver on behalf of the creditors was fixed by relation to the time of the filing of the bill, and that he took the property of the respondents in the bill as of that time, although he was subsequently appointed. *Burdon* v. *Massachusetts Safety Fund Association,* 147 Mass. 360, 368. *Fogg* v. *United Order of the Golden Lion,* 159 Mass. 9, 12. *Jones* v. *Arena Publishing Co.* 171 Mass. 22. *Merrill* v. *Commonwealth Mutual Fire Ins. Co.* 166 Mass. 238; *S. C.* 171 Mass. 81. *Hill* v. *Baker,* 205 Mass. 303, 309.

The principle applicable to the facts in this proceeding is stated in *Chalmers* v. *Littlefield,* 103 Maine, 271, at pages 282 and 283, quoting from Alderson on Receivers, § 584, as follows: " The possession of the receiver being considered the possession of the court, the property in his hands is looked upon as being *in custodia legis,* and, on that account, it is not to be taken upon any writ of attachment or execution while in his possession. In compliance with this rule it has been decided that the recovery of a judgment against partners after the appointment of a receiver for the benefit of creditors, does not create a lien upon any of the firm property or funds in his hands, and such property or funds cannot be levied upon by execution or reached by garnishment because it is already *in custodia legis.* So also the owner of a judgment lien upon land in the possession of a receiver cannot levy execution thereon, but must apply to the court in chancery, which will protect his interests when making sale or distributing the proceeds of the land."

As the property was in the custody of the law when the execution was levied on April 27, 1918, it is plain it was not subject to seizure and execution without leave of court. It follows that the sale on execution on May 27, 1919, was wholly illegal and void, *Cobb* v. *Camden Savings Bank*, 106 Maine, 178; 20 Ann. Cas. 547, and that the decree of the Land Court must be affirmed.

*Decree accordingly.*