MOTOR FINANCE COMPANY, Appellee, v. W. WENZLAFF et al.,
    Appellees; DONALD H. SMITH, Intervener, Appellant.

**MORTGAGES:** Pledge of Rents—When Mortgagee's Lien Attaches.
    The holder of a real-estate mortgage which contains a pledge of
    the rents in event of a foreclosure, but as to which mortgage there
    has been *no default,* and consequently no foreclosure, may not, in an
    action to foreclose a second mortgage, question the disposition made
    of the rents by the owner of the property.

*Appeal from Woodbury District Court.*—C. C. HAMILTON, Judge.

FEBRUARY 12, 1924.

PLAINTIFF, as the holder of a second mortgage on an apart-
ment hotel in Sioux City, which mortgage did not pledge the
rents, brought an action to foreclose its mortgage. It also asked
the appointment of a receiver. A receiver was appointed, who
qualified and took possession of the property. The first mort-
gagee was not made a party to the suit. Appellant Smith inter-
vened, asking that a lease which he held on one of the apart-
ments be recognized by the receiver, and asking an order that
the receiver do not interfere with intervener's possession under
his lease, and right to collect the rent from intervener's sub-
lessee. On a trial of the issues raised by the intervention, the
trial court denied intervener any relief, and his petition was
dismissed. Intervener appeals.—*Reversed.*

*Kindig, McGill, Stewart & Hatfield,* for appellant.

*Jepson, Struble, Anderson & Sifford,* for appellees.

PRESTON, J.—The facts are not in dispute. In 1919 and
1920, the Sioux Apartment Hotel was erected. It was owned
and financed by the Sioux Holding Company. During the con-
struction, the Sioux Holding Company executed a mortgage to
the Metropolitan National Bank, of Minneapolis, as trustee, in
the sum of $450,000. The mortgage also pledged the rents and
profits, and provided for the appointment of a receiver for the
property and the rents, issues, and profits thereof, in case of

foreclosure. This mortgage was duly recorded in the book of mortgages, and was also indexed in the chattel mortgage records. On the same day, another mortgage was executed by the Sioux Holding Company to one Fleisher, for $25,000. This is the mortgage held by plaintiff. This mortgage was not recorded until after the other, and it is conceded to be a second mortgage. The second mortgage recites that it is subject to the first. The mortgages were executed July 1, 1921. On December 27, 1921, the Sioux Holding Company conveyed the property by warranty deed to defendant W. Wenzlaff. The conveyance was subject to the two mortgages, which were assumed by Wenzlaff. The deed was recorded December 31st. On December 31, 1921, defendant Wenzlaff and wife executed a third mortgage to the Sioux Holding Company for $302,120. On January 1, 1922, Wenzlaff took possession of the building, and placed Mr. Caulk in control as manager, and Caulk so served until May 10, 1922. During the time Wenzlaff was in possession, Caulk, as manager, collected the rents, and paid the monthly interest charges to the Minneapolis bank. On March 27, 1922, Wenzlaff entered into a lease with intervener for one of the apartments for the period of 53 months, from April 1, 1922, until September 1, 1926, for the agreed sum of $4,717. Under date of March 27th, Wenzlaff indorsed on the lease the following:

"Received from Donald H. Smith the sum of $4,717, being payment in full for rental named in this lease for Apartment 223 at the rate of $85 a month," etc.

No question is made as to the good faith of the transaction between Wenzlaff and intervener, or that the indebtedness from Wenzlaff to Smith was not bona fide. The lease was in good faith in payment of said indebtedness, and Smith released Wenzlaff from such indebtedness. On the same date, Wenzlaff agreed that intervener might sublet the apartment, which he did to one Krueger, who is now in possession of the apartment. The plaintiff commenced its foreclosure action May 9, 1922. The receiver took possession of the building May 9th. The appointment of a receiver seems not to have been contested, and there was no appearance except for plaintiff, the second mortgagee. On June 1, 1922, on application of the receiver, the court, by an order, authorized the receiver to pay installments due on the

first mortgage. In such order the court found that, under the terms of the first mortgage, the rents and profits were pledged to the payment of the principal and interest, and that the holder of said first mortgage was entitled to have applied, on the installments falling due, sufficient of the rents from said property to discharge said installments. All such installments have been paid, and there has been no default, and the first mortgagee has not commenced foreclosure proceedings. It is conceded by appellees in argument that this order was made to prevent default in the terms of the first mortgage, and to prevent foreclosure thereof; that the receiver was to pay installments falling due monthly, which were to be made out of the rents collected by the receiver and before the installments became in default. The first mortgagee is not in court in any other way than by its resistance to the petition of intervention. About June 1, 1922, the receiver made demand upon Krueger, sublessee, for all rentals due under the lease. The receiver claims the right, as against intervener, Smith, to collect the rents from Krueger. Intervener was not a party to any of the court proceedings prior to his intervention. Krueger, the subtenant, is not a party to the intervention nor to any of the proceedings.

The petition of intervention was filed May 31, 1922, reciting many of the facts before set out, and that the receiver refuses to recognize the lease, and has notified the sublessee, Krueger, to discontinue paying any further rents to intervener, and to pay the same to the receiver; that the receiver has notified Krueger that it will be necessary for him to enter into a new lease directly with the receiver, if he expects to continue in the occupancy of Apartment 223. Intervener asks that the receiver recognize the lease, and that he be directed by the court not to interfere with the Krueger possession, and that intervener be permitted to collect the rent from his sublessee.

The Metropolitan Bank filed its resistance to the intervention, setting up the fact as to the first mortgage to it and the provisions thereof; that its mortgage is unpaid, and is a first and superior lien upon the premises; that the rents were pledged; and that it has a lien on the rents and issues, and is entitled to the same. It alleged that the intervener has no right or interest to the premises or any part thereof, or to any of the

rents; that the claim of intervener is inferior to the right and claim of said bank.

The receiver also filed a separate resistance, reciting practically the same facts as set out by the bank; that monthly installments are payable monthly in the sum of $2,625; and that he has obtained an order to pay such installments. He states also that the third mortgage also covers rents and profits of the premises, and that intervener is not entitled to any relief as against the receiver, nor as against the trust deed or first mortgage and the other mortgages now upon the property.

No question is raised or argued as to whether a receiver was properly appointed under the second mortgage, or whether any of the parties are now in a position to attack such appointment. The appellee claims that the contest is between the first mortgagee and the intervener. Though the receiver has filed a resistance to the intervention, it is clear that such resistance is in the interest and on behalf of the first mortgagee, and because of the pledge in the first mortgage of the rents.

The decisive point in the case is whether, under the circumstances, the first mortgagee has any standing at this time, and whether it, or the receiver for it, may collect the rents when there has been no default in the payment of interest to it, or default in any way, and when it has not commenced foreclosure for any default or asked for the appointment of a receiver, under the provisions of its mortgage. An entirely different proposition would be presented, had there been default, foreclosure suit, and receivership under the first mortgage. It may be that, in such a case, the bank would be entitled to the rents, even as against intervener. But that question is not now before us, and therefore is not determined.

Intervener contends that, under the circumstances shown, Wenzlaff had a right to lease the apartment to him, and he had a right to sublet to Krueger; that the lease is valid, and he is entitled to the possession of the apartment during the year for redemption, and until the right of Wenzlaff, the owner, is cut off. We are inclined to think so, at least unless and until there is default, and proceedings by the first mortgagee. It is quite clear that the bank, as first mortgagee, has no standing in court and no right at this time to contest the rights of the intervener.

The second mortgagee is asking nothing, as against either the first mortgagee or the intervener. It concedes the priority of the first mortgage. True, a receiver has been appointed on the application of the second mortgagee; but what interest has the bank, as first mortgagee, in such receivership? We think it has none. Appellant cites *First Nat. Bank v. Security Tr. & Sav. Bank,* 191 Iowa 842, 844, which we think is in point. It was there said:

"It is the law in this state, in harmony with the general holding, that the right of the holder of a mortgage upon real estate, pledging the rents and income as security to the defendant for the same, does not arise until action has been commenced to enforce collection of the debt" (citing *Swan v. Mitchell,* 82 Iowa 307; *Des Moines Gas Co. v. West,* 44 Iowa 23; *Sullivan v. Rosson,* 4 A. L. R. 1400, note; and other cases).

In the *Swan* case, we said that the fact that the tenements, hereditaments, and appurtenances, and the rents, issues, and profits, were conveyed to the mortgagee, must be construed with the defeasance of the instrument; and that, where so construed, the instrument plainly provides that the rents and profits are only pledged in case possession is taken by the mortgagee.

Further discussion seems unnecessary. The judgment is—*Reversed.*

ARTHUR, C. J., EVANS and FAVILLE, JJ., concur.