A. M. PRICE, Receiver, Appellee, v. CHARLES HOWSEN, Appellant.

**RECEIVERS: Powers—Right Coextensive With That of Plaintiff.** The power of a receiver under an appointment to collect certain rentals and to apply them on a plaintiff's judgment terminates *eo instanti* when the said judgment is satisfied.

*Appeal from Clinton District Court.*—F. D. LETTS, Judge.

· FEBRUARY 12, 1924.

ACTION by receiver appointed to collect rents, to recover the value of certain crops raised on the leased premises and sold by the tenant to the defendant. The court directed a verdict in favor of the plaintiff, and the defendant appeals.—*Reversed.*

*F. A. Cooper* and *W. J. Keefe,* for appellant.

*Pascal & Pascal,* for appellee.

FAVILLE, J.—On April 7, 1920, one Powell and one Reynolds, with their wives, executed and delivered to one Maynard a mortgage upon certain real estate in Clinton County, Iowa.

This mortgage was duly foreclosed in the district court of Clinton County, and decree rendered therein on June 9, 1921. By said decree appellee herein was appointed as receiver, the provisions of the decree in respect thereto being as follows:

"* * * and hereby appoints A. M. Price, of DeWitt, Iowa, receiver, to take charge of said real estate from the date of this decree, and to rent and collect the rents for said real estate from the date of this decree to the end of the year of redemption, and to apply the proceeds, less a compensation to be fixed by this court for his services, upon said plaintiff's judgment * * *"

It appears from the record that one Carlin took possession of the said real estate, as tenant, on or about March 1, 1921, and occupied the same for a period of one year. Sometime after his appointment as receiver, appellee brought suit against Carlin to recover judgment for the rental of the premises so occupied, and on February 28, 1922, appellee, as receiver, obtained judgment in the district court of Clinton County against the said Carlin in the sum of $1,200.

On March 10, 1922, appellee, as such receiver, instituted this action, alleging his appointment as receiver on the 9th day of June, 1921, and also alleging that Carlin occupied the premises in question from March 1, 1921, to March 1, 1922, and that appellee had obtained a judgment against the said Carlin for the rent of the said premises in the sum of $1,200. The petition further alleges that, in the year 1921, the said tenant sold to appellant herein certain crops grown on said premises, of the value of $775.10, for which amount he prays recovery.

The answer was a general denial.

There is no conflict in the evidence, and at the close of the testimony, the court directed a verdict for appellee. Appellant also moved for a directed verdict, and later for judgment *non obstante veredicto*.

The record shows that a special execution issued on the judgment in the main case in foreclosure, which was returned on July 11, 1921, showing said judgment to be satisfied in full.

Appellee offered in evidence the record of a decree entered in said district court on the 28th of June, 1922, in another cause in which the Guaranty Mortgage & Finance Company was plaintiff and Powell and Reynolds were defendants, said action being

to foreclose another mortgage on said described premises. In said decree it is provided:

"* * * and it is further ordered by the court that A. M. Price be and he is hereby appointed receiver to collect the rents from said real estate and to rent said real estate for the year beginning March 1, 1922, and hold the proceeds from said rent until further ordered by the court * * *"

Proper objections were interposed to the introduction in evidence of the last mentioned decree.

Appellee's petition was based solely upon his rights as receiver under his appointment in the foreclosure case of Maynard v. Powell. His appointment as receiver in the second foreclosure case was not made until June 28, 1922, some three months after this action had been instituted, and appellee's petition makes no claim of any rights whatever under said last mentioned decree. It is, therefore, wholly immaterial to the questions involved in this case.

Under the original decree in which appellee was appointed receiver, he was authorized to take charge of the mortgaged real estate from the date of said decree, to wit, June 9, 1921, and "to rent and collect the rents for said real estate from the date of this decree to the end of the year of redemption, and to apply the proceeds upon plaintiff's judgment." Such was the extent of his authority. It is a familiar rule that "the extent of a receiver's authority is always to be measured by the order of appointment, and such subsequent directions as may from time to time be given." *State Cent. Sav. Bank v. Fanning Ball Bearing Chain Co.*, 118 Iowa 698.

The receiver did not rent the premises. He is suing to collect the value of crops purchased by appellant. His authority was to collect rents during the year of redemption and "apply the proceeds on plaintiff's [mortgagee's] judgment."

Primarily, the rents from real estate belong to the landlord. The plaintiff in the foreclosure action had nothing more than a lien upon said rentals. His rights thereto were secondary to the rights of the landlord. Under the order of the court, appellee, as receiver, could have no greater rights in said rentals than the mortgagee had.

It is to be observed that appellee was not a general receiver,

with power to administer property for both debtor and creditor. He had only a narrow and circumscribed power, namely, to rent the mortgaged premises and collect the rents therefor and apply the proceeds upon the judgment in the foreclosure case. He was empowered to act only for the one purpose of collecting rents during the year of redemption and applying the same to the satisfaction of the judgment of foreclosure.

It appears in the record, however, that, some six months before this action was instituted, the judgment of the plaintiff in the cause in which appellee was so appointed as receiver was fully satisfied and discharged, and the plaintiff in said action receipted in full for the total amount of said judgment. Could appellee thereafter, as receiver under such appointment, maintain this action against appellant for the value of crops claimed to have been purchased by appellant during the year from March 1, 1921, to March 1, 1922? Whereby did he have any such authority?

The plaintiff in the foreclosure action certainly had no interest whatever in said crops or the proceeds thereof after his claim was satisfied in full. The fact that the rents may have been pledged by the landlord as security to another mortgagee, who subsequently instituted an action in foreclosure and obtained the appointment of a receiver, cannot have a retroactive effect, and can in no way change the legal status of the parties. Appellee does not claim any right to maintain this action except under his original appointment as receiver in the Maynard foreclosure case.

It is contended by appellee that the receiver had not been discharged at the time this action was instituted or tried, and that, therefore, under the order of the court, he could maintain this action and collect the rentals and dispose of the same, under the order of court.

It would undoubtedly be true that for any rentals which he had collected he would be held to account to the court, which could make proper distribution thereof. But his rights as a receiver to maintain this action for the collection of rentals to apply upon the judgment of the plaintiff in the foreclosure suit terminated when the plaintiff's judgment was satisfied, and no more rents could, under the order of appointment, become due

to or be appropriated by the plaintiff in said action. If appellee had been appointed a general receiver, to collect the rentals and make distribution under order of the court to the plaintiff in said action, or to the mortgagor (the landlord), or whoever might be entitled thereto, we would have a very different situation; but the powers of the receiver in the instant case were expressly limited to a single purpose, and, that purpose having terminated by the satisfaction of the plaintiff's judgment, appellee could not maintain this action at the time the same was instituted or tried.

Conceding, without deciding, that the receiver would have a right to maintain an action of conversion against the purchaser of the crop, in behalf of the mortgagee, his recovery would, in any event, be limited to the extent of the mortgagee's interest in the crops. The measure of the receiver's recovery would not necessarily be the value of the property, but the value of the mortgagee's interest therein. *Boyd v. Stipp & Harlan*, 151 Iowa 276.

When the lien of the mortgagee utterly ceased by payment in full of his judgment, any interest he had in the rentals from the premises also ceased. His lien terminated *eo instanti*. Appellee had no authority, under the petition in this case, to collect for any conversion of the crops in behalf of anyone entitled thereto except the mortgagee, Maynard, and his interest ended when Maynard's mortgage was paid in full, and he ceased to have any further interest therein.

As bearing somewhat on the questions herein discussed, see *Motor Finance Co. v. Wenzlaff*, 197 Iowa 314.

Appellant's motion for a directed verdict should have been sustained. The cause will be reversed, and a new trial granted.— *Reversed.*.

ARTHUR, C. J., EVANS and PRESTON, JJ., concur.