WILLIAM SMITH, Appellant, v. J. W. CUSHATT et al., Appellees.

**MORTGAGES:** Foreclosure—Receiver Denied When Rent Paid. A receiver will not be appointed in a real estate mortgage foreclosure when the tenant has, in good faith and prior to any notice of default on the mortgage, and prior to the commencement of foreclosure, paid the rent in full to the mortgagor for a year which will expire during the redemption period.

**Headnote 1:** 27 Cyc. p. 1623.

*Appeal from Jasper District Court.*—H. F. WAGNER, Judge.

MARCH 10, 1925.

THE plaintiff, in connection with the foreclosure of a mortgage upon a farm, asked for the appointment of a receiver for the mortgaged premises and an order putting the receiver in possession thereof, as against the tenant of the mortgagor, who was in possession and had paid the rent for the term. From a decree denying relief as against the tenant, plaintiff appeals.— *Affirmed.*

*Campbell & Campbell,* for appellant.

*Cross & Hamill,* for appellees.

VERMILION, J.—The mortgage in question contained a provision as follows:

"A failure to comply with any of the agreements hereof shall cause the whole debt at once to become due and collectible,

at the option of the second party without notice, and said second party or assigns shall be entitled to have a receiver appointed to take immediate possession of said land, and to have the net profits thereof applied on said indebtedness until the same shall have been fully paid. Said taking possession shall in no way retard collection or foreclosure.''

The debt secured by the mortgage became due, under this clause, by reason of the failure of the mortgagors to pay interest due March 1, 1923; and on March 22d, the petition herein was filed. An amendment to the petition, filed April 24th, made the appellees Wayne Butler and G. C. Butler party defendants; alleged that they were the tenants of the mortgagors, in possession of the premises; and asked that a receiver be appointed, to take immediate possession of the mortgaged premises and to collect the rents and profits, and that their lease be terminated. The appellees appeared, in response to a notice of hearing on the application for the appointment of a receiver, served on them on April 24th, and resisted the claim set up in the amendment to the petition. Upon the hearing on this application, the evidence showed, without substantial conflict, the following facts: On February 13, 1923, before the default of the mortgagors in the payment of interest, the appellee Wayne Butler leased the premises of the mortgagors for the period of one year, commencing March 1, 1923, at a rental of $1,200, and executed his note for this amount, due February 1, 1924, with G. C. Butler as surety. He went into possession of the premises between March 1st and 5th, without notice of the default in the payment of interest on the mortgage. On March 19, 1923, the appellee G. C. Butler, at the request of the mortgagors, paid and took up the note for the rent, at a substantial discount from its face. At that time, he had no notice of the default of the mortgagors. The mortgage was of record. The evidence does not establish any bad faith in the transaction.

We have held that a clause in a mortgage of real estate pledging the rents and profits as security for the debt must be construed with the defeasance of the instrument, and that a right thereto in the mortgagee does not arise until action has been commenced, to enforce collection of the debt. *Swan v. Mitchell,* 82 Iowa 307; *First Nat. Bank of Grand Meadow v.*

*Security T. & S. Bank of Charles City,* 191 Iowa 842; *Motor Finance Co. v. Wenzlaff,* 197 Iowa 314; *Whiteside v. Morris,* 197 Iowa 211, and cases cited. In the case of *Whiteside v. Morris,* supra, we said:

"The appellee [mortgagee] acquired no lien by virtue of his mortgage upon the crops, the rents and profits of the mortgaged premises, until foreclosure proceedings were commenced and the receiver was appointed to take possession of them."

These cases are, in principle, controlling here. It was only upon the commencement of an action to foreclose, and the appointment of a receiver, that the plaintiff had a right to have the rents and profits applied on his mortgage debt. Prior to any default that would mature the debt or give a right to the appointment of a receiver, the land was rented for a term that would end before the expiration of the year for redemption; and before action was commenced, the rent was paid, without notice of the default. The mortgagor had a right to so rent his land and to receive the rent in advance. And the tenant, who in good faith rented the land prior to the default of the mortgagor and the consequent accelerated maturity of the debt, and who paid his rent to the mortgagor in good faith, and before any right of the mortgagee or the receiver to the rents and profits arose, can neither be dispossessed by the receiver subsequently appointed, nor compelled to account to him for the rental value of the land. The receiver may be entitled to the rents and profits of the land, as against the mortgagors; but he is not entitled to them as against one who has, in good faith, acquired from the mortgagors, and paid for, the use of the land, before any rights of the mortgagee or the receiver attached to the rents and profits.

The cases of *Downard v. Groff,* 40 Iowa 597, and *Hecht v. Dettman,* 56 Iowa 679, cited by appellant, have to do with the rights of the tenant of the mortgagor and a purchaser at execution sale upon foreclosure, entitled to possession of the premises under a sheriff's deed. They are not in point here.

We agree with the trial court, and the judgment is— *Affirmed.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.