L. A. ANDREW, Receiver, Appellant, v. W. A. HAAG, Defendant; JOHN M. JENNINGS, Intervener, Appellee.

No. 41668.

November 22, 1932.

E. W. McNeil, for appellant.

R. J. Smith, for appellee.

 Bliss, J.—The defendant, Haag, the owner of a certain quarter section farm, had executed a first mortgage on 120 acres thereof to Jennings, and a second mortgage on the entire tract to the State Bank of Deep River, Iowa. The general provisions of each mortgage are identical. Each mortgage provides that the "holder of the mortgage debt may take possession of all or any portion of the mortgaged premises, either before or after default in the performance of the covenants of this instrument, or at the commencement of foreclosure proceedings, and rent the same for cash and apply the net rent to the payment of the mortgage debt, interest and costs, if any costs have accrued." Each mortgage conveys the respective real estate together "with all appurtenances thereunto in any way belonging or appertaining, together with the rents, issues and profits of said land." Each mortgage also provides:

"That as auxiliary and in aid of foreclosure, the holder of the mortgage debt may, at his option, at any time during the pendency of proceedings to foreclosure of this mortgage; or during the period of redemption have a receiver appointed by the court, having jurisdiction of such foreclosure, or in vacation by the judge of such a court, to take possession of such mortgaged premises, and

rent the same, and apply the rents, under the directions of the court, to the discharge and payment of the costs of such receivership, foreclosure and mortgage debt."

The second mortgage was recorded after the Jennings mortgage, and contained the provision that it was "subject to mortgages now on record."

After the execution of the second mortgage, Andrew was appointed receiver of the mortgagee therein.

On January 26, 1932, Jennings served an original notice on the mortgagor and owner, Haag, in time for the March term of court, reciting therein that the petition would be filed, on January 29, 1932, asking for the foreclosure of the first mortgage and the appointment of a receiver to take immediate possession of the premises and to collect the rents, issues and profits. A like notice was served on Andrew, as receiver of the State Bank of Deep River, on the 28th day of January, 1932. On January 29, 1932, the petition was filed with allegations in conformity with the notices. Andrew and Haag were the only defendants.

On January 27, 1932, original notice, for the same term of court, in an action brought by Andrew for the foreclosure of the second mortgage, and the appointment of a receiver to take charge of the real estate during the pendency of the action, and the period of redemption, was served on Haag, by his acceptance. On the same day, to wit, January 27, 1932, the petition was filed in said action, asking for the relief indicated in the notice. Haag was the only defendant, and no notice was served on Jennings.

On January 30, 1932. Andrew, filed an amendment to his petition, alleging the necessity of the appointment of a receiver forthwith, and asking that the time, place and notice of a hearing thereon be fixed. No notice of the application was given. On the same day the court ordered the hearing set for February 4, 1932, and that notice be personally served on Haag at least three days prior to the hearing. Such notice was given. On February 4, 1932, the hearing was had, and James E. Scovel was appointed receiver to take possession of the premises during the pendency of the cause and the period of redemption, and to rent the same and apply the rents on the expenses of receivership and the balance on the debt sued on.

On March 21, 1932, decree of foreclosure was entered in the suit of Andrew, and the appointment of Scovel was confirmed as

to Haag, but not as to Jennings, who was given time to intervene on this issue. On May 21, 1932, Jennings filed petition of intervention in the Andrew suit, alleging the priority of his mortgage, the priority of his foreclosure action, and that the appointment of Scovel was erroneous and without authority. He prayed for the dismissal of the Andrew action, and the discharge of Scovel. Andrew filed a motion to dismiss the petition of intervention.

In the Jennings action, Haag filed answer resisting the appointment of receiver. Andrew filed a similar answer, and alleged the priority and superiority of his rights, under his own foreclosure action. On April 1, 1932, decree of foreclosure was granted Jennings.

There was no dispute as to the facts, and those recited herein were conceded to be true, including the insolvency of Haag, and the inadequacy of the security, and the right to a receiver.

The court decreed that Jennings was entitled to the receivership and appointed him receiver to take immediate possession and charge of the 120 acres covered by his mortgage, with authority to rent the premises and collect the rents and crops, and to apply same on his mortgage debt after paying the receivership expense. Andrew's motion to dismiss the petition of intervention was denied, and Scovel was discharged as receiver of the 120 acres, and the lease thereof which he made to Haag was cancelled.

The questions for determination are strictly those of law. The appellee contends that the prior service of the original notice in his action was, in itself, sufficient to bring into being and to make effective the lien of his mortgage upon the crops and rentals, which had theretofore been inchoate, and that it was not necessary that the petition in his action be also filed.

He also claims that because the appellant's mortgage was executed subject to mortgages then on record, and appellee's mortgage contained the provision granting to him the right to the possession of the premises, pending foreclosure and redemption, upon the mortgagor's default, the appellee was entitled to the receivership regardless of which party first commenced suit.

He also insists that since two actions were pending affecting the same real estate, and completed service of the original notice was first had in his action, it was proper to abate the Andrew action, under the provisions of Section 11055 of the 1931 Code.

I. We will discuss these propositions in the order of their

statement. He cites Section 11012 of the present Code, which states that:

"The delivery of the original notice to the sheriff of the proper county, with intent that it be served immediately, which intent shall be presumed unless the contrary appears, or the actual service of that notice by another person, is a commencement of the action."

This section appears in Chapter 487 of the 1931 Code, which has to do with the "Limitation of Actions." Its purpose is to fix a definite date so that it may be determined whether the action was begun within the times limited. That has been the construction which we have always placed upon the section. Parkyn v. Travis, 50 Iowa 436; Boone v. Boone, 160 Iowa 284. Appellee also cites Section 11055 of the 1931 Code, which provides that an "action in a court of record shall be commenced by serving the defendant with a notice," etc. These sections have little application to the matter for decision. This question is to determine which mortgagee first perfected his lien upon the crops and rentals of the mortgaged premises. In the case of Swan v. Mitchell, 82 Iowa 307, the provisions of the mortgage were not greatly different or less stringent than in the mortgages under consideration. We there said that "the fact that the 'tenements, hereditaments and appurtenances, and the rents, issues and profits,' were conveyed to the mortgagee, must be construed with the defeasance of the instrument * * *."

Following the Swan case we held in First National Bank v. Security Trust & Savings Bank, 191 Iowa 842, "that the right of the holder of a mortgage upon real estate, pledging the rents and income as security to the defendant for the same, does not arise until action has been commenced to enforce collection of the debt."

There was a similar holding in Whiteside v. Morris, 197 Iowa 211. In that case we used this language:

"The appellee acquired no lien by virtue of his mortgage upon the crops, the rents and profits of the mortgaged premises, until foreclosure proceedings were commenced *and the receiver was appointed to take possession of them*." (Italics are ours.)

The same statement was made in Smith v. Cushatt, 199 Iowa 690. In Hakes v. North, 199 Iowa 995, the italicized words in the Whiteside and Cushatt cases were omitted. In view of the language used in the earlier cases cited herein, the italicized words left a

doubt as to when the lien would take effect. Any basis for this doubt was removed in Kooistra v. Gibford, 201 Iowa 275, where we said:

"The law is well settled in this state that a mortgagee has no lien upon the rents and profits arising from the mortgaged premises under a clause merely pledging the same as security for the debt, and without making the same a present lien thereon, until an action to foreclose the mortgage is commenced, and the appointment of a receiver requested. First National Bank v. Security Trust and Savings Bank, 191 Iowa 842; Whiteside v. Morris, 197 Iowa 211; Sheakley v. Mechler, 199 Iowa 1390; Hakes v. North, 199 Iowa 995; Rodgers v. Oliver, 200 Iowa 869; Parker v. Coe, 200 Iowa 862. See also Young v. Stewart, 201 Iowa 301.

"There seems to be some misunderstanding as to the rule declared by the above cases. It is true that in some of them reference is made to the commencement of the action to foreclose the mortgage, and in others, to the appointment and qualification of the receiver, as the time when the lien of the mortgage attached. When analyzed in the light of the facts, there is no conflict in these holdings. The commencement of the action and the request for the appointment of a receiver, and not the date on which the appointment is made, fix the time for determining questions of priority between the mortgagee and third parties claiming a right to the rents and profits or a lien thereon. This is the rule in other jurisdictions. Davis v. Mazzuchelli, 238 Mass. 550 (131 N. E. 186); Dow v. Memphis & L. R. R. Co., 124 U. S. 652 (31 L. Ed. 565). * * *

"When the receiver is appointed, the appointment relates back to the commencement of the action, if the appointment of a receiver is then requested, and if not, to the time when request is made therefor by a proper pleading in the case . We said in Hakes v. North, supra, that provisions in mortgages similar to the one quoted above are a part of the remedy provided for the collection of the mortgage, and operate upon the personalty only upon and after the commencement of the action, and, of course, the request for the appointment of a receiver, followed by the appointment thereof."

In Davis v. Mazzuchelli, 131 N. E. 186 (Mass.), cited in the Kooistra case, the court held that the rights of the receiver in the property involved were fixed as of the time of filing the bill. Likewise in the foreclosure of a mortgage pledging rents or crops, or

providing for taking possession of the premises to rent the same and collect the rents, a lien upon the property pledged does not become effective until a petition, application, or other pleading is filed in the proper court requesting the appointment of a receiver. That is the express holding of the Kooistra case, and we have never departed from it. It is not sufficient that the original notice recites that such request will be made, but the request must in fact be made. Such an original notice is not a request, or an application, but is simply a notice that in the petition, when filed, there will be such a request. The language may have varied somewhat in some of our decisions, or not have been quite so explicit in some, but the thought and intention in all of them has been as set forth here and in the Kooistra case.

This holding does not in any way conflict with Section 11055 of the Code, but is simply a determination of what must be done to perfect the lien, which determination is not controlled by the statute.

Such a requirement removes an opportunity for collusion, and the temptation to date an acceptance of service back, and also protects innocent third persons who may purchase any of the crops, or the rental notes, or other of the pledged property, since they may inform themselves whether any foreclosure action has been started, or a request made for the appointment of a receiver, through the office of the clerk of the court.

Since the appellant commenced his action of foreclosure and filed his petition requesting the appointment of a receiver before the appellee made such request, the appellant was first in perfecting his lien, and was entitled to the appointment of the receiver with authority as prayed.

Furthermore Section 11092 of the 1931 Code provides that: "When a petition affecting real estate is filed, the clerk of the district court where filed *shall forthwith index same* * * *." Section 11093 provides that when so indexed the action shall be considered pending so as to charge all persons with notice of the plaintiff's rights. In the absence of proof to the contrary we must presume that the clerk of the court so indexed the Andrew petition. The appellant was therefore within our holding in Union Savings Bank & Trust Company v. Carter, 214 Iowa 1131.

II. Appellee's second proposition is thus stated by him in his argument, to wit:

"In other words, appellee's second ground for affirmance is

that he had a right to possession by virtue of his mortgage contract. That such right of possession accrued upon default. Appellee further contends that his right to possession constitutes an interest in real estate, which is distinct from crops, rents, or profits, and that the provision giving him such right of possession in his recorded mortgage constituted notice to the world of his rights in said premises, and that all parties dealing with said real estate, after the recording of such instrument, are charged with notice of his rights and their interest is junior to his."

To say that a mortgagee under the provisions of this mortgage is entitled to immediate possession of the mortgaged premises upon a default of the mortgagor would be a departure from all our holdings in foreclosure receiverships. The provisions in this mortgage relative to a receiver, or to the pledging of crops, or to possessory rights in the mortgagee, are remedial, and are incidental to the security as a whole, and they can be made effective only by foreclosure in a court of equity. The mortgage was given only for the purpose of security. This must not be lost sight of. We will give it effect only in so far as may be necessary to protect the creditor. Under the record in this case the appellee was not entitled to immediate possession as claimed by him. This holding is in harmony with our decision in First Trust Joint Stock Land Bank of Chicago v. Stevenson, 215 Iowa _____.

III. There is no merit to the third contention of the appellee. The section of the Code relied upon has no application to separate actions to foreclose separate and distinct mortgages, even though they be against the same defendant and upon the same land.

We therefore hold that the court was in error in granting the receivership to the appellee, and in overruling appellant's motion to dismiss appellee's petition of intervention, and in denying to appellant the receivership prayed for, and in discharging Scovel as receiver.

The decree is reversed and the case is remanded for decree in conformity herewith.—Reversed and remanded.

STEVENS, C. J., and EVANS, ALBERT, KINDIG, and CLAUSSEN, JJ., concur.